May Term,
1857.

LITTLER
v.
SMILEY.

a patent right to a machine for carrying water (which, it seems, was the consideration alleged to have failed); but failed to prove any of the allegations in his pleadings touching the value, ownership of, or right to sell the machine. He examined but one witness, who stated that he did not think the machine worth much; but the plaintiff proved by one witness, that it worked well.

*R. A. Chandler*, for the appellant.

*B. F. Gregory*, for the appellee.

---

LITTLER and Another, Administrators, *v.* SMILEY and Wife.

Where, in a suit for work and labor, it appeared that the services were rendered under such circumstances that the law implied no promise to pay for them, and the plaintiff relied upon an express agreement to take the case out of the rule, and upon evidence tending to prove it, the jury found for the plaintiff,—*held*, that this Court will not disturb the verdict.

Against an account for work and labor done under an agreement for payment not specifying at what time such payment should be made, or how long such labor should be performed, the statute of limitations does not commence running until the labor ends.

Upon an entire continuing contract, an action accrues when it is terminated.

Section 7 of chapter 35, Acts of 1853, purporting to amend section 66, 2 R. S. p. 261, by omitting that part of it which makes the personal representative a competent witness upon the question of the allowance of a claim against the estate he represents, is void for not setting forth at full length the section sought to be amended.

Under section 66, 2 R. S. p. 261, it is not necessary to the competency of an administrator as a witness touching the allowance of a claim against the estate of his decedent, that he should be called by the claimant.

May Term, 1857.

LITTLER
v.
SMILEY.

APPEAL from the *Benton* Court of Common Pleas.

GOOKINS, J.—This action was brought by *Smiley* and wife, against the administrators of *Littler*, for work and labor performed by the wife of *Smiley*, before marriage. Answer in denial, and the statute of limitations. Verdict for the plaintiffs, new trial refused, and judgment.

Thursday,
May 28.

The new trial was moved for upon three grounds— 1. Because the verdict was not supported by the evidence. 2. For misdirection of the jury. 3. Erroneous exclusion of evidence offered by the defendants.

1. The evidence showed that Mrs. *Smiley* resided in the family of the deceased, her brother, for about six years, rendering services under such circumstances that the law would have implied no promise to pay for them (1). The plaintiffs relied upon an express agreement to take the case out of the rule. There was evidence before the jury tending to prove it, and we cannot disturb their verdict.

2. The following instruction, excepted to by the defendants, is the misdirection complained of:

"If the jury believe from the evidence, that the plaintiff, *Tabitha*, performed labor for the defendants' intestate, *Elisha Littler*, under an agreement to be paid therefor, without specifying at what time such payment should be made, or how long such labor should be performed, then the statute of limitations would not commence running until such labor was ended."

We perceive no error in this instruction. It assumes that there was an entire contract to serve for an indefinite period. Such agreement, if acted upon by the parties, would continue until one party or the other chose to put an end to it (2). An action upon it would then accrue. The case of *Buntin* v. *Lagow*, 1 Blackf. 373, relied upon by the appellants, does not apply. It was there held that if all the items of an account are on one side, the circumstance that some of them are within the period of limitations, does not take others of longer standing out of the

May Term,
1857.

LITTLER
v.
SMILEY.

operation of the statute. The reason is, that if goods are sold in separate parcels, and at different times, each sale is a complete and independent contract; and the fact that each constitutes an item in an account, does not, of itself, give them any connection with each other; nor is it a mutual current account between the parties. See *Buntin* v. *Lagow, supra,* and 2 R. S. p. 76, s. 213. Whether such would be the construction of the present statute, we do not decide. All that we say is, that upon an entire continuing contract, an action accrues when it is terminated.

· 3. *Wisher,* (co-administrator with the widow of the deceased,) and his wife, were offered as witnesses by the defendants to prove declarations of the plaintiffs that the services in question had been fully paid for. They were excluded, and the defendants excepted.

The 2 R. S. p. 261, s. 66, provides that upon the question of the allowing of a claim against the estate of a decedent, the trial shall in all respects be governed by the rules regulating the trials of similar actions in the Circuit Court, except that the administrator or exectuor, and, in the discretion of the Court, the claimant, may be examined under oath touching such claim.

By an act approved *March* 4, 1853, (Acts of 1853, p. 51, s. 7,) the above section was sought to be amended, omitting that part which makes the personal representative a competent witness upon the question of the allowance of claims against the estate he represents; but the original section is not inserted at full length in the amending section. In the case of *Langdon* v. *Applegate,* 5 Ind. R. 327, such an amendment was held to be unconstitutional and void. Were this an original question, I should not so decide; but I think when a question has been decided, involving no very important principle, it is better, for the sake of uniformity, that the decision should be regarded as the rule of the Court. We hold that the statute of 1852 was not amended in this particular.

The appellees insist that the administrator was not competent, under the act of 1852, unless called as a witness by the opposite party. We think otherwise. By such con-

struction, a portion of the act would have no effect whatever; which would violate one of the first rules for the interpretation of statutes. If the exception making the representative competent means that he may become so only at the instance of the opposite party, it would be no exception at all; for by the practice act, a party may always be examined as a witness, at the instance of his adversary. 2 R. S. p. 96, s. 295.

The Court erred in excluding the witnesses; and the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. R. M. Bryant* and *R. A. Chandler*, for the appellants.

*H. W. Chase* and *J. A. Wilstach*, for the appellees.

(1) *Resor* v. *Johnson*, 1 Ind. R. 100, and *Oxford* v. *McFarland*, 3 *id.* 156, were referred to in argument.

(2) To this point, counsel for the appellees cited *Zeigler* v. *Hunt*, 1 M'Cord, 577; 2 U. S. Dig. 806, s. 292.