Filed Nov. 12, 1891.

---

No. 327.

## GRAVE, ADMINISTRATOR, *v.* PEMBERTON.

EVIDENCE.—*Opinion of Witness.— When Not Admissible.*—The opinion of a witness is not admissible in evidence where the facts upon which it is founded can be stated to, and intelligently comprehended by, the court or jury trying the case, and where, from such facts, men in general are capable of drawing reasonably correct conclusions.

Grave, Administrator, *v.* Pemberton.

SAME.—*Opinions as to Value.*—Upon questions of value a non-professional witness may give his opinion.

SAME.—*Value of Services.*—The opinion of a witness may be taken as to the value of services rendered.

STATUTE OF LIMITATIONS.—*Continuous Services.*—If there is no certain time for payment, nor when the services shall end, a contract of employment will be treated as continuous, and the statute of limitations will not begin to run until the services have ended.

From the Wayne Circuit Court.

*J. W. Henderson, H. C. Fox* and *J. F. Robbins,* for appellant.

*B. J. Freeman,* for appellee.

NEW, C. J.—This is a claim by the appellee against the estate of Howell Grave, deceased, for work and labor performed by the appellee for the decedent, in his lifetime, at his request, and for groceries and provisions furnished by the appellee to the decedent at his request.

The work and labor sued for begins with October 1st, 1880, and ends with the year 1889, the total charges therefor being $6,396. The groceries and provisions begin with February, 1885, and end with September 1st, 1889, the total thereof being $341.21, making in all the sum of $6,737.21. This amount is credited with clothing furnished by the decedent to the appellee and her children, and school books furnished to said children by the decedent, $125; and a further credit of board furnished by the decedent to said children, $400, leaving a balance due the appellee, as alleged in her claim, of $6,212.21.

There was a trial by jury with verdict in favor of the appellee for $1,985.

The appellant assigns as error, the overruling by the court of his motion for a new trial.

Of the reasons assigned for a new trial, counsel for the appellant, in their brief, discuss only those which relate to hypothetical questions, numbered one, two and three, which the court permitted to be propounded and answered over the

objection of the appellant, and the refusal of the court to give certain instructions asked by the appellant concerning the statute of limitations.

The hypothetical question propounded by the appellee, and objected to by the appellant, related to the value of the services alleged in the appellee's claim to have been performed by her for the appellant, and which, as the record shows, she was trying to establish by witnesses called in her behalf.

We are cited by counsel for the appellant to authorities declaring when opinion testimony is and is not admissible. The rule as found often to be stated is, that opinions from experts may be received, where the facts can not be made palpable to the jurors, so that their means of forming opinions are practically equal to those of the witnesses, but that such opinions can not be received in cases where the jury are equally capable with the witnesses of forming an opinion from the facts stated. Rogers Ex. Tes. (2d ed.) 13, 25.

The Supreme Court of this State have said : " We think it may be stated, generally, that the opinion of a witness is not admissible in evidence where the facts upon which it is founded can be stated to, and intelligently comprehended by, the court or jury trying the case, and where, from such facts, men in general are capable of drawing reasonably correct conclusions." *Indiana, etc., R. W. Co.* v. *Hale*, 93 Ind. 79. See, also, Rogers Ex. Tes. 19 ; *Muldowney* v. *Illinois Central R. W. Co.*, 36 Iowa, 462 ; *Taylor* v. *Town of Monroe*, 43 Conn. 36 ; *Ferguson* v. *Hubbell*, 97 N. Y. 507.

Upon questions of value, however, the rule is well settled that a non-professional, or ordinary witness, may testify by opinion. Rogers Ex. Tes. 12, 352, 378 ; 1 Greenleaf Ev., section 440, and notes ; *Terre Haute, etc., R. R. Co.* v. *Crawford*, 100 Ind. 550 ; *Yost* v. *Conroy*, 92 Ind. 464 ; *Chamness* v. *Chamness*, 53 Ind. 301. And, for the purpose of proving values, questions may be propounded in a hypothetical form.

Grave, Administrator, *v.* Pemberton.

In *Chamness* v. *Chamness, supra,* the court held that it was not error to allow the following question to be propounded to a witness: "Supposing that the defendant and his wife were unable to get to and from the table without help, and had to be helped at the table, and Abigail Chamness was insane, and it was necessary for some one to stay about the house all the time to take care of them; what would it be worth to board them and care for them per week, from October, 1870, to July, 1872?" See, also, *Covey* v. *Campbell,* 52 Ind. 157; *McCollum* v. *Seward,* 62 N. Y. 316; *Mercer* v. *Voss,* 67 N. Y. 56; *Williams* v. *Brown,* 28 Ohio St. 547.

Preparatory to the asking and answering of each of the questions so objected to, there was, we think, a sufficient foundation laid for the introduction of the opinions of the witnesses. The court did not err in permitting these questions to be answered.

The instructions asked by the appellant, and refused by the court, were to the effect that if the appellee entered into the service of the decedent and continued therein up to the time of his death, without any special contract as to the terms or worth of the services, or under an agreement that she should be paid the reasonable value of her services, and with no agreement as to the length of time the services should continue, then there could be no recovery by her for more than six years next before the decedent's death.

These instructions were properly refused. They do not state the law as valid in this State. Where there is no certain time for payment, nor when the services shall end, the contract of employment will be treated as continuous, and the statute of limitations will not begin to run until the services have ended. *Taggart* v. *Tevanny,* 1 Ind. App. 339; *Story* v. *Story,* 1 Ind. App. 284; *Littler* v. *Smiley,* 9 Ind. 116. See, also, *Carter* v. *Carter,* 36 Mich. 207.

We find no error.

The judgment is affirmed, with costs.

Filed Nov. 12, 1891.