Filed January 30, 1896.

---

No. 1,864.

BURKE v. HOWELL.

EVIDENCE.—*Opinion of Witness as to Value of Hay.*—A person unacquainted with the market-price of hay, which has been stacked a year, and who has never seen the hay in question, cannot give his opinion as to the value of hay which has been a year in the

stack, although he has been dealing in hay for several years. and is acquainted with the character of the hay grown in the vicinity.

From the Porter Circuit Court.

*W. Johnston*, for appellant.

*Agnew & Kelly*, for appellee.

Lotz, J.—This action was commenced by the appellee against the appellant, to recover damages alleged to have been sustained on account of the wrongful act of the appellant in setting out a fire on his own land and negligently permitting it to escape to and over the lands of adjoining owners and from thence to appellee's lands. The appellee had a verdict and judgment below.

The only assignment of error discussed by appellant's counsel is the overruling of the motion for a new trial.

One of the questions in controversy on the trial was the value of certain hay which had been destroyed by the fire.

The appellant produced a witness who testified that he had been dealing in hay and pressing hay for five or or six years; that he had lived in the vicinity where the hay was destroyed for many years, and was acquainted with the character of the hay grown in that vicinity, but that he had never seen the hay in controversy. The appellant then propounded this question: "Now what would you say this hay was worth a ton considering that it was a year old and in the stack, on or about November 7, 1891?" An objection being sustained to this question the appellant then offered to prove by the witness that the stacks of hay were not worth over $2.00 a ton. This offer was excluded.

The appellant also produced another witness who testified that he had lived in the vicinity where the hay

was grown for a number of years, and that he was acquainted with the character of the hay. The appellant then propounded this question: "What was hay that had been standing in the stack for a year worth about November 7, 1891?" An objection being sustained to this question the appellant offered to prove by the witness that the hay in controversy was not worth to exceed $2.00 per ton at that time. The offer was excluded. These rulings were made causes for a new trial. There was no showing that the last witness had ever seen or had any personal knowledge of the hay burned. Nor was there any showing that either of the witnesses had any knowledge of the market price or value of the hay.

Ordinarily a nonexpert witness may give his opinion as to value. *Grave* v. *Pemberton*, 3 Ind. App. 71; *Storms* v. *Lemon*, 7 Ind. App. 435; *Terre Haute, etc., R. R. Co.* v. *Jarvis*, 9 Ind. App. 438. If a witness have actual knowledge of the very thing in controversy, and such thing be one in common use or concerning which every person is of necessity compelled to have some knowledge, he may give his opinion as to value, although he may not know the market price. *State* v. *Johnson*, 1 Mo. App. 219; *Tubbs* v. *Garrison*, 68 Ia. 44.

But in the case at bar the court cannot say that hay which had been stacked a year was so common that any person unacquainted with the market-price was competent to give an opinion as to the value. A witness who attempts to give his opinion of a matter concerning which he has no actual knowledge is in a certain degree an expert. Here the witnesses had neither actual knowledge of the hay nor of the market-price of hay, which had been stacked for a year. Nor did the question put embrace the condition of the hay at the

time of its destruction.    The general rule is that a witness not an expert cannot be said to be qualified to express an opinion as to the value of a thing, unless he has seen it or has some special knowledge of its value. Lawson Exp. and Opin. Ev., p. 434.

Under the circumstances of this case there was no error in the rulings made.

Judgment affirmed.

Filed Jan. 30, 1896.