## WULSCHNER-STEWART MUSIC COMPANY *v.* FAULKNER.

[No. 8,104. Filed December 17, 1913.]

1. CONVERSION.—*Actions.*—*Evidence.*—*Sufficiency.*—In an action for
   the conversion of a piano, evidence showing that the piano was
   purchased by plaintiff when his daughter was a schoolgirl, that
   after her marriage plaintiff made his home with her most of the
   time and that she continued to use the piano, that in the absence
   of plaintiff she traded the piano to defendant for a player piano,
   that plaintiff had never parted with the title to his daughter or
   to any one else, that at the time of the trade defendant's agent
   was informed the piano belonged to plaintiff, that plaintiff never
   acquiesced in or consented to the trade, and after demand, sued
   for the conversion of the piano, which defendant in the meantime
   had sold, was sufficient to support a verdict and finding for plain-
   tiff. p. 210.
2. EVIDENCE.—*Opinion of Nonexpert.*—*Value.*—*Competency.*—In an
   action for damages for the conversion of a piano, plaintiff, who

had previously testified as to his familiarity with the piano in question and that he knew what pianos of the same kind and condition would sell for, was sufficiently qualified to testify to the value of the piano at the time of the conversion, and the fact that he was not acquainted specially with pianos was a circumstance going only to the weight of his testimony. p. 211.

3. EVIDENCE.—*Admissibility.—Value of Property.*—In an action for damages for the conversion of a piano which defendant had taken in trade for a more valuable instrument, the amount allowed for the piano in suit as credit on the new instrument was admissible in evidence on the question of value, though the fact that such credit was allowed on the purchase price of a more valuable instrument could properly be considered as bearing on the weight of such evidence. p. 211.

4. APPEAL.—*Review.—Harmless Error.—Instructions.*—The giving of an instruction that evidence of contradictory statements is not evidence of the truth or falsity of such statements but merely affects the credibility of the witness, objected to on the ground that where a party himself testifies contradictory statements made by him out of court may sometimes be proof of the facts involved in the statements, was not misleading or harmful, where the only contradictory statements introduced were those of plaintiff's witness, and not himself. p. 212.

5. CONVERSION.—*Evidence.—Damages.*—In an action for damages for the conversion of a piano, where the evidence as to the value of the piano was conflicting and ranged from $75 to $200, the court cannot say as a matter of law that a verdict for $150 was excessive. p. 212.

From Superior Court of Marion County (82,704) ; *Charles J. Orbison,* Judge.

Action by Edguer Faulkner against the Wulschner-Stewart Music Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank C. Groninger* and *Taylor E. Groninger,* for appellant.

*Bailey & Young,* for appellee.

IBACH, J.—This was an action by appellee against appellant for damages for conversion of a piano, in which appellee recovered $150. It is alleged that the court erred in overruling appellant's motion for new trial.

The first ground of this motion was that the verdict is not sustained by sufficient evidence. The following facts are undisputed: Appellee in 1902 or 1903 bought from appellant the piano in question for $240. Appellee did not play the instrument, but his daughter, then a schoolgirl, learned to play and used the piano. Subsequently she was married, and continued to use the piano, her father living most of the time with her and her husband. In May, 1910, in the absence of her father, she and her husband traded the piano to appellant on a player piano at the price of $650, and were allowed on the purchase price of the player piano, $200 for the old piano. In January, 1911, after default had been made in the payments on the player piano, and appellant had taken it back into its possession, appellee, after demand, brought this action for conversion of the old piano, which appellant in the meantime had sold. Appellee testified that the piano was his; that he had never parted with title to his daughter, or to any other person; that he was not at home when the trade was made and had no knowledge of it; that he had never consented to or acquiesced in the trade. His daughter testified that she told appellant's salesman at the time of the trade that the piano was her father's, and he said that was all right, as it was in the family. The salesman testified that she said the piano was hers. Appellant's defense proceeded upon the theories that appellee had either given the piano to his daughter, or he had ratified and acquiesced in the trade, had not brought suit for more than six months, and was estopped to assert title. But according to appellee's testimony, instead of acquiescing in the trade, he, shortly after the player piano was brought into his house, went to consult a lawyer about the recovery of his piano, but brought no action at the time because he did not have the money to pay the fee demanded by the lawyer. It is sufficient to say that the jury was fully and ably instructed

on the law applicable to appellant's defenses, but it found that the facts did not support either of these theories. There is evidence to support the verdict and finding in favor of appellee.

It is also urged that the court erred in allowing appellee to answer the question, "What was the piano worth during the spring and summer of last year?" Appellant 2. objected on the ground that the plaintiff was not shown to be qualified to testify on this point. The court overruled the objection and appellee answered "$200". A nonexpert witness who has actual knowledge of the very thing whose value is in controversy, and it is a thing in common use, or concerning which every person is of necessity compelled to have some knowledge, may give his opinion as to value, even if he does not know the market price. *Grave* v. *Pemberton* (1891), 3 Ind. App. 71, 29 N. E. 177; *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 34 N. E. 644; *Burke* v. *Howell* (1896), 14 Ind. App. 296, 298, 42 N. E. 952. Appellee had previously testified as to his familiarity with the piano in question, and stated that he knew what would be asked for secondhand pianos, if he went to buy one, also what pianos in the same condition as his would sell for in Indianapolis. It seems to us that this was enough of a showing of knowledge of value of the piano in question to allow him to testify as he did. That he was a nonexpert, not acquainted specially with pianos, was a circumstance which would go to the weight of his evidence.

It is also insisted that the court erred in allowing defendant's witness Udell to testify on cross-examination that defendant allowed $200 for the piano on the purchase price of a player piano at $650, over defendant's objection that if something was allowed as a credit, it would not be a valuation of the piano that was fair. No authority is cited to sustain this position. It may be true that appellant allowed more than it would

have paid in cash, yet it was a valuation of some kind placed upon the piano by appellant at the time it was converted, that would at least tend to show its market value, and was eminently proper to go to the jury. The fact that the price of $200 allowed was on the purchase price of an instrument of greater value would be proper to consider in determining the weight to be given this evidence, but did not affect its admissibility.

The court instructed the jury that evidence had been introduced attempting to show statements made by a witness in the cause, out of court, contradictory to statements 4. made by that witness at the trial; that proof of such statements is not evidence of the truth or falsity of the facts involved in such statements, but such evidence had been admitted solely for the purpose of affecting the credibility of the witness. The objection is made that where a party is himself a witness, contradictory statements made by him out of court may under some circumstances be proof of the facts involved in the statements. However, the witness to whom the court referred, the only one who is shown to have made contradictory statements out of court, was the plaintiff's daughter, not a party to the action, and therefore the instruction was not erroneous, and could not have misled the jury.

Lastly, it is urged that the damages awarded were excessive. Appellant's witnesses valued the piano at $75 to $100, and stated that they had allowed $200 on the price 5. of the player piano, had put repairs on the old piano amounting to perhaps $60, and had sold it for $155. Appellee's witnesses valued it at $175 to $200. Thus there was competent evidence tending to show that the piano was worth as much as was allowed for damages, and the jury seems to have fairly reconciled the conflicting evidence. We can not say as a matter of law that the damages were exces-

sive, nor that they were unsupported by the evidence, therefore the verdict must stand.

No error appears. The judgment is affirmed.

NOTE.—Reported in 103 N. E. 665. As to damages for conversion of personalty, see 24 Am. Dec. 70; 54 Am. Rep. 421. See, also, under (1) 38 Cyc. 2085; (2) 17 Cyc. 113, 116; (3) 38 Cyc. 2083; (4) 38 Cyc. 1732; (5) 3 Cyc. 380, 381.