No. 20,199.

J. J. SCHAFFNER, *Appellee*, v. THE ESTATE OF JOHN SCHAFFNER et al., *Appellants*.

### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Action for Wages—Limitation of Actions.* The rule announced in the case of *Grisham v. Lee*, 61 Kan. 533, 60 Pac. 312, that where there is a single hiring and the term of service and time when compensation is due are not fixed, the hiring is continuous and the statute of limitations does not begin to run against a claim for compensation until the service terminates, approved and applied.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed May 6, 1916. Affirmed.

*John W. Adams, George W. Adams,* and *George L. Skidmore,* all of Wichita, for the appellants.

*S. B. Amidon,* and *Jean Madalene,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff recovered judgment on a claim against his father's estate, which the probate court had rejected. The substantial ground of the appeal is that action for compensation for six of the nine years service for which the claimant recovered was barred by the statute of limitations.

This is a second appeal. The nature of the appellee's claim is stated in the opinion in the case of *Schaffner v. Schaffner,* 92 Kan. 570, 141 Pac. 251. The proof was to the following effect: The appellee's father was an invalid whose afflictions prevented him from farming the land on which he lived and which was mortgaged. The appellee had employment as a farm hand away from home. His father asked a neighbor to interview the appellee and ascertain if appellee would not come home and do the farming, stating that he was not able to do the farming and that he would pay appellee for his work. His father's desire was communicated to the appellee, who came home, put the farm in good condition, improved it and successfully farmed it until his father's death, which occurred nine years after he took charge. Before returning home appellee

was receiving wages at the rate of $30 per month and his father said he would pay the appellee $30 as long as he worked. In the nine years the appellee operated the farm he received no compensation for his services. Besides conducting his father's farm he conducted others which he rented.

The appellants cite the cases holding that the statute of limitations begins to run at the end of each month when payment of wages is to be made at the end of each month. In this instance there was no express agreement that payment should be made at the end of each month. The plaintiff was not employed simply in the capacity of a farm hand to work from month to month. He came home to do the farming which his father was not able to do. He was to be paid the same sum he was receiving per month, not period by period, but as long as he worked. Consequently the promise was a continuing promise to pay kept alive by continuous performance on the part of the appellee and effective at the termination of the employment for the entire time. There was no evidence of any usage or custom fixing the time of payment under circumstances of the character stated and the rule announced in the case of *Grisham v. Lee,* 61 Kan. 533, 60 Pac. 312, is applicable:

"If there is a single hiring, and the term of service of the employee and, also, the time when his compensation shall become due are not fixed by agreement or understanding, and the hiring and service continue without interruption or payment until the death of the employer, the employment, in the absence of the evidence of a general custom or usage, may be deemed continuous, and the statute of limitations will not begin to run against a claim for compensation until the services are ended." (Syl. ¶ 1.)

In the case of *Grisham v. Lee* the facts were disputed and doubtful and the court held that the nature and terms of employment, if any, were matters for the jury to determine. In this case it was left to the jury to say whether or not a contract had been established. The proof disclosed the terms of the contract, if any existed, and the law declared the rights of the appellee under that contract.

The propriety of the court's action in allowing an amendment of the claim was raised by the former appeal and was disposed of by the order remanding the cause for a new trial. (*Estes v. Zinc* Co., 97 Kan. 774, 156 Pac. 758.) The case was retried according to the rules of evidence stated in the former opinion.

The judgment of the district court is affirmed.