No. 21,662.

*In re* THE ESTATE OF C. E. JEWELL, DECEASED. (MARIE JEWELL, as Administratrix, etc., *Appellee*, v. THE CENTRAL TRUST COMPANY, and MRS. L. M. JEWELL, as Administratrix, etc., *Appellants*.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Compensation for Services—Evidence—Findings.* This action involved the right to recover for personal services rendered by an agent and employee for his brother, and the jury found that an express contract had been made for the services, but that the compensation to be paid and the times of payment were not fixed by the agreement. *Held,* that the evidence was sufficient to support the finding of the jury.

2. SAME—*Compensation for Services—Statute of Limitations—Custom.* No time having been fixed for the term of service or payment for the service of the employee which continued until the death of the employer, the ordinary rule is that the statute of limitations does not begin to run against a claim for compensation until the services are ended, unless there is a general custom or usage to the contrary; and, while a custom was shown herein as to a part of the services rendered,

it is not deemed to be controlling on account of the character of the services performed and the peculiar relationship that existed between the parties to the agreement.

3. SAME—*Verdict—Error in Computation—Error Corrected.* Error by the jury in the computation of the number of months of service, the value of the services per month having been determined, and there being no substantial dispute as to the period of the services, does not indicate prejudice on the part of the jury, nor prevent a correction of the error by a remission of the excess awarded.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 6, 1918. Affirmed.

*J. J. Schenck, Bennett R. Wheeler,* and *John L. Hunt,* all of Topeka, for the appellants.

*W. F. Schoch,* and *J. K. Rankin,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, Marie Jewell, as administratrix of the estate of J. F. Jewell, deceased, filed in the probate court a claim for services against the estate of C. E. Jewell, deceased. The claim was allowed in the sum of $1,075, and assigned to the fifth class. The defendants appealed to the district court, where the case was tried before a jury, who rendered a verdict in plaintiff's favor for $1,742.79. Upon a motion for a new trial the court, with the consent of the plaintiff, reduced the amount to $1,469 on the ground that the amount in excess of that sum was not warranted under the evidence, and the motion for a new trial was then denied. From the judgment in plaintiff's favor, defendants appeal.

C. E. Jewell was the trustee of the C. W. Jewell estate, the Bodwell estate, and the Sardou estate, and he also had property of his own, including rental property. C. E. Jewell lived in Topeka until July, 1909, when he went to California to live, and he placed the properties mentioned in charge of his brother, J. F. Jewell, a resident of Topeka, who was never a member of his family; and the latter continued in charge of them until about February, 1914. J. F. Jewell received his compensation for looking after the three trust estates, and the claim in suit is for compensation for taking care of the prop-

erty of C. E. Jewell, who died May 9, 1915. An administrator of his estate was appointed June 1, 1915, and this claim was presented July 14, 1916.

There is a contention that it was not the intention of the brothers that J. F. Jewell should be paid for looking after C. E. Jewell's property. Both having died before the trial, the evidence as to their dealings is meager, and it is also very conflicting. In answer to special questions the jury found that a contract for the rendition of the services had been made; that there was no agreement or understanding that the services were to be gratuitously rendered, but that the understanding was that reasonable compensation was to be made within a reasonable time. There was testimony tending to show that J. F. Jewell collected rents as they accrued on the properties of his brother, also interest on his mortgages; that he made repairs on buildings of various kinds, such as painting, plumbing, plastering, and laying brick, and he also shoveled snow from roofs and mowed the lawns of residence properties. A witness testified that C. E. Jewell admitted that he owed his brother for services, the amount of which he did not know, but that he would look it up and pay for the services when he returned to Topeka. C. E. Jewell made a will in 1913, which was not probated, and in it he stated: "I direct my executrix . . . to pay to my brother, J. F. Jewell; the sum of One Thousand Dollars in cash in full compensation for valuable services heretofore rendered by him for me and for which no compensation has been made," etc.

Defendants contend that the verdict is based upon a finding that there was an express contract, and that there was no evidence to support a finding of that kind. The findings indicate that there was an express agreement between the parties that the services should be performed by J. F. Jewell, but that the value of the services was not fixed. While no witness testified as to a formal proposal and acceptance between the parties, enough was shown to warrant the inference that C. E. Jewell employed his brother to attend to his affairs in his absence and had an understanding that reasonable compensation was to be paid for such services. One witness stated that C. E. Jewell admitted to him that he had hired his brother to do work for him, and, while the proof is not as complete and satisfactory as

might be desired, it is deemed to be sufficient to uphold the finding of the jury. (*Griffith v. Robertson,* 73 Kan. 666, 85 Pac. 748.)

The defendants contend that the greater part of the plaintiff's claim is barred by the statute of limitations, as most of the services upon which it is based were rendered more than three years prior to the presentation of the demand on July 14, 1916. There was testimony of a custom among real-estate men collecting rents to make monthly settlements, taking out their commission and expenses of repairs, etc., and remitting the balance of the rentals to the owner. The jury found that such a custom existed as between strangers, but that no such custom was shown as between brothers. It has been held that where one is employed by another, and the term of service and time of payment for the services are not fixed by an agreement, and the employee continues in the service without interruption or payment until the death of the employer, the employment may be deemed to be continuous, in the absence of a general custom or usage, and the statute of limitations will not begin to run against a claim for compensation until the services are ended. (*Grisham v. Lee,* 61 Kan. 533, 60 Pac. 312.) While there appears to have been a custom among real-estate dealers looking after rental properties to make monthly settlements, it appears that the services of J. F. Jewell were not confined to the collection of rents or to the kind of services ordinarily performed by real-estate agents. Some support is given to the theory of the defendants in the fact that J. F. Jewell, who had charge of three other estates, did settle monthly with the owners, in accordance with the custom stated. The employment, however, between the parties here was unusual and involved a peculiar relationship in which services of an exceptional character were performed. As was held in *Schaffner v. Schaffner,* 98 Kan. 167, 157 Pac. 402, the testimony did not show a usage fixing the time of payment for the kind of services rendered here and under the circumstances that existed between the parties, and we therefore hold that the statute did not begin to run until the services had ended.

The claim that the record shows prejudice of the jury cannot be upheld. On the motion for a new trial the court found that the evidence warranted a verdict of no more than $1,469,

Railway Co. v. Bridge Co.

the plaintiff remitted the excess, and judgment for the smaller sum was rendered. It appears that the value of the services was fixed at $25 per month; and that there was no substantial dispute as to the time of service. The excess resulted from an error in the computation of the time. It is an error which did not affect the entire verdict and is one which may be and has been corrected by a remission of the excess. (*Broquet v. Tripp,* 36 Kan. 700, 14 Pac. 227; *U. P. Rly. Co. v. Mitchell,* 56 Kan. 324, 43 Pac. 244; *Railroad Co. v. Richards,* 58 Kan. 344, 49 Pac. 436.)

The judgment is affirmed.