HARMON, EXECUTOR, v. SMITCH.

[No. 12,720. Filed June 29, 1927. Rehearing denied October 6,
1927. Reinstatement of petition for rehearing
denied November 25, 1927.]

1. LIMITATION OF ACTIONS.—*Running of statute of limitations
as to continuous employment.*—It is a well-settled rule in this
state that, under a contract of employment which does not fix
the term of service or the time for the payment of wages, the
contract is continuous and the statute of limitations does not
commence to run until the employee's services are terminated.
p. 530.

2. LIMITATION OF ACTIONS.—*Statute did not run as to farm hand
employed for indefinite period whose employment continued for
twenty years.*—In a claim against a decedent's estate, the evi-
dence showed that a farm hand went to work for the decedent
under a contract that he was to receive $25 per month for his
services, but without any definite agreement as to the term
of his employment or as to the time for the payment of his
wages. He continued to work for, and make his home with,
decedent for twenty years, during which time, he received his
board, lodging, laundry and money to buy his clothes. There
was no evidence of any usage or custom fixing the time of
payment under such circumstances. *Held*, that the statute of
limitations did not commence to run until the services were
ended. p. 530.

3. APPEAL.—*Petition for rehearing not a mere formality, but
must be supported by brief and argument.*—An application for
a rehearing is not a mere formality, even when the applicant
expects to file a petition to transfer to the Supreme Court, but
the rule relating thereto requires that it be supported by a
brief, with arguments set out therein (Rule 29 of Supreme
and Appellate Court Rules). p. 533.

4. APPEAL.—*Petition for rehearing, supported by brief and argu-
ment, must be filed before petition to transfer to Supreme
Court.*—The losing party in the Appellate Court has no right
to file a petition to transfer to the Supreme Court until he
has complied with the rules of the Supreme and Appellate
Courts, and a petition for a rehearing, supported by a brief
and argument, must be filed before petition to transfer to Su-
preme Court. p. 533.

5. APPEAL.—*Waiver of ground for rehearing.*—Where a ground
for a rehearing is not supported by argument or authority, it
will be deemed waived. p. 533.

From Johnson Circuit Court; *Fremont Miller*, Judge.

Claim against an estate by Yaunch Smitch against Henry Harmon, executor. From a judgment for claimant, the defendant appeals. *Affirmed.* By the court in banc.

*Ryan, Ruckelshaus & Ryan, Smith, Remster, Hornbrook & Smith, Henry White, Charles Remster* and *Paul Y. Davis,* for appellant.

*Beckett & Beckett* and *Featheringill & Drybread,* for appellee.

REMY, J.—Action is based upon a claim filed by appellee against the estate of which appellant is the legal representative. Claim consists of two items; the first, a promissory note, the second an account for labor alleged to have been performed by claimant for decedent during the period from June 1, 1901, to July 7, 1923. Trial resulted in a verdict and judgment for claimant. On the trial, the validity of the note was not questioned, the controversy being as to the account.

It appears from the uncontradicted evidence that claimant worked for, and made his home with, decedent continuously for more than twenty years, during which time he received from decedent his board, lodging, laundry and money to buy his clothes. There is evidence tending to prove that when claimant went to live and make his home with decedent, it was agreed by decedent to pay claimant for his services the sum of $25 per month, but no agreement was made as to the length of time claimant was to be employed. There was other evidence to the effect that there was no agreement as to the wages claimant was to receive. Prior to his employment by decedent, claimant had worked for and made his home with decedent's father, and it was when decedent's father could keep him no longer that claimant came and took employment and made his home with

decedent.   The employment of appellee was not an employment from month to month as is usual in the employment of farm hands, but was for an indefinite period of time.   The value of the services rendered was variously estimated by the witnesses who testified. There was testimony that the services of claimant were worth no more than his board, lodging and laundry. The value fixed by other witnesses varied from $8 to $35 per month, in addition to his board, lodging and laundry.   It also appears from the evidence that, a few days before his death, decedent told his wife in the presence of another that he wanted his wife to see to it that claimant "got his wages in full with interest."

The important question presented by this appeal relates to the application of the statute of limitations.   Appellant tendered instructions to the effect that if the jury should find from the evidence that the labor was performed by claimant pursuant to a contract whereby decedent agreed to pay and claimant agreed to accept for the services the sum of $25 per month and board, lodging and laundry of claimant during the time of the employment, then, and in that event, claimant could recover only for the six years immediately preceding the death of decedent.   The court refused to give these instructions, but instead, by its instruction No. 14, directed the jury that if they should find that appellee had entered into a contract to perform the work described in the complaint for $25 per month for an indefinite time, then they should fix the amount of recovery on that basis, no reference being made in the instruction to the statute of limitations.   In support of the court's action in refusing to give the tendered instructions and in the giving of instruction No. 14, it is earnestly contended by appellee that even if decedent did agree to pay $25 per month for the services, the contract was for

the employment of claimant for an indefinite period, with no time fixed for payment, and that therefore the statute of limitations would not begin to run until the services had been terminated.    The contention of appellee must prevail.

It is conceded that the contract for services of appellee was for an indefinite period of time and that no specified time for payment of the wages was 1, 2. fixed; nor is it controverted that the employment was continuous through the years till decedent's death.    The contract did not provide that the wages were to be paid by the month, and there was no evidence of any usage or custom fixing the time of payment under such circumstances.    It has been many times decided, and it is a well-settled general rule in this state, that under a contract of employment which does not fix the term of service or the time for payment of wages, the contract is continuous, and the statute of limitations does not commence to run until the employee's services are terminated.    *Littler* v. *Smiley* (1857), 9 Ind. 116; *Story* v. *Story* (1890), 1 Ind. App. 284, 27 N. E. 573; *Taggart, Admr.,* v. *Tevanny* (1891), 1 Ind. App. 339, 27 N. E. 511; *Grave, Admr.,* v. *Pemberton* (1891), 3 Ind. App. 71, 29 N. E. 177; *Purviance, Admr.,* v. *Purviance* (1895), 14 Ind. App. 269, 42 N. E. 264; *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51.    To the same effect, see *Schaffner* v. *Schaffner* (1916), 98 Kans. 167, 157 Pac. 402; *Ah How* v. *Furth* (1896), 13 Wash. 550, 43 Pac. 639; *Phifer* v. *Phifer* (1924), 112 Nebr. 327, 199 N. W. 511; 3 Williston, Contracts §2029.    Since, in the instant case, there is evidence which would support a finding by the jury that appellee was to receive $25 per month, it is urged by appellant that the law, under such circumstances, would imply an agreement to pay monthly, and that it

would necessarily follow that a separate cause of action would lie for each month's wages, and that all of these causes of action, which it is claimed accrued monthly prior to six years from decedent's death are barred by the statute of limitations.   The same question was considered in *Schaffner* v. *Schaffner, supra,* and *Phifer* v. *Phifer, supra.*   In the Schaffner case, the employment was of a son by his father; the son was to take charge of and operate his father's farm, and was to receive $30 per month.   The hiring was for an indefinite time, and there was no specific provision in the contract that the wages were to be paid monthly.   In holding that the promise of the employer was a continuing promise to pay, kept alive by continuous performance by the employee, and that the statute of limitations did not begin to run until the services of the employee terminated, the Kansas Supreme Court used the following language: "In this instance there was no express agreement that payment should be made at the end of each month.  The plaintiff was not employed simply in the capacity of a farm hand to work from month to month.   He came home to do the farming which his father was not able to do.   He was to be paid the same sum he was receiving per month, not period by period, but as long as he worked.   Consequently the promise was a continuing promise to pay kept alive by continuous performance on the part of the appellee and effective at the termination of the employment for the entire time.   There was no evidence of any usage or custom fixing the time of payment under circumstances of the character stated and the rule announced in the case of *Grisham* v. *Lee,* 61 Kans. 533, 60 Pac. 312, is applicable:  'If there is a single hiring, and the term of service of the employee, and, also, the time when his compensation shall become due are not fixed by agreement or under-

standing, and the hiring and service continue without interruption or payment until the death of the employer, the employment, in the absence of the evidence of a general custom or usage, may be deemed continuous, and the statute of limitations will not begin to run against a claim for compensation until the services are ended.'" We approve the reasoning and conclusion of the court in that case; and in harmony therewith we hold that if, in the instant case, the decedent did contract with appellee to pay him $25 per month, the term of service being for an indefinite period with no agreement to pay the wages monthly, and there being no evidence of any usage or custom fixing the time of payment under such circumstances, the statute of limitations did not commence to run until the services were ended.

It necessarily follows that the court did not err in refusing to give the instructions tendered by appellant, nor in the giving of instruction No. 14 of which complaint is made.

The verdict is sustained by sufficient evidence.

Affirmed.

ON MOTION TO REINSTATE PETITION FOR REHEARING.

REMY, J.—Appellant's petition for a rehearing was by this court ordered stricken from the files for the reason that the same was not accompanied by brief in support thereof, as required by the rules of this court. Whereupon appellant filed a motion asking that the petition be reinstated. It is conceded by appellant that his sole purpose in filing the petition for rehearing was as a condition precedent to filing a petition to transfer to the Supreme Court, and gives that as a reason why briefs were not filed.

An application for a rehearing is not a mere formality to be used solely for the purpose of paving the way for

transfer. It is the statutory way by which the losing party may procure a review, and it is always the duty of this court, when the statute and rules of the court are complied with, to review the cause in the light of the petition and supporting briefs, and, if the decision is found to be erroneous, to grant the rehearing and rewrite the opinion in accordance with the law as it is found to be. If this court, after considering the petition for a rehearing and the reasons advanced and authorities cited in support thereof, adheres to its original opinion, it is then the right of the losing party to move for a transfer to the Supreme Court. The law contemplates a good faith petition for a rehearing, and good faith, within the rules of this court, would require something more than the mere petition.

The rule of this court as to rehearing provides: "Application for a rehearing of any cause shall be made by petition, separate from the briefs, signed by counsel, filed with the clerk within sixty days from the rendition of the judgment, stating concisely the cause for which the judgment is supposed to be erroneous, which application *shall be supported by briefs only,* with arguments set out therein, if desired. *Eight copies of the brief must be filed at the same time the petition is filed,* and one copy of the brief shall be delivered at once by the clerk to each judge." (Our italics.)

Clearly, the rule requires that the petition for rehearing must be accompanied by a brief in support thereof. The rule so interpreted is uniformly enforced.

It has been held by the Supreme Court that a ground for a rehearing unsupported by argument or authority is waived. *City of Bedford* v. *Neal* (1895), 143 Ind. 425, 41 N. E. 1029, 42 N. E. 815.

Motion to reinstate denied.