## No. 29,885.

MARGARET L. COLE, *Appellant*, v. ANNA EMERSON, Executrix of the Estate of William Ritchie, Deceased, *Appellee.*

(1 P. [2d] 249.)

Opinion filed July 3, 1931.

*John R. Parsons,* of Wakeeney, for the appellant.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from an order of the trial court setting aside the verdict of the jury and granting a new trial.

The action was originally a claim in the probate court for services performed in caring for the deceased and was appealed to the district court. The claim was stated in the probate court in two parts: First, services in caring for deceased from July 15, 1923, to July 15, 1927, at $3 per week, under an agreement by deceased to pay for such services; and second, services for taking care of deceased while ill from July 15, 1927, to November 15, 1928, at $10 per week, under agreement with deceased that he would pay her for her services. The answer in the district court was a general denial by the executrix of the estate of the deceased. The original claim also stated that it was agreed by the deceased that he would take care of the matter in his will, but that feature of the plaintiff's claim was not established and is not now involved in the case. The jury rendered a verdict in favor of the plaintiff for $672, and also answered a number of special questions. The court overruled motions to set aside findings of the jury and for judgment for defendant, but sustained the motion of defendant for a new trial unless the plaintiff would accept a remittitur reducing the amount allowed by the jury to

$252. The plaintiff refused to accept this reduction and a new trial was thereupon granted, from which order the plaintiff appeals.

The only question involved is the statute of limitations. The trial court considered the contract as not being a continuous one but separable into as many divisions or items as there were instances of services performed, and since the service performed covered a period of much more than three years all the trips made by the plaintiff or weeks of service performed by her more than three years prior to the filing of her claim against the estate were eliminated by the court, thus reducing the amount from $672 given in the verdict to $252.

The trial court properly submitted to the jury under appropriate instructions the question of whether or not there was a contract between the plaintiff and the deceased with reference to the rendering of service on her part and the payment therefor on his part, and in addition to the necessary finding in the general verdict that there was such a contract, the answers to special questions give the nature and character of the contract. The answers to questions No. 1 and No. 3 show that there was an express oral contract, agreement or understanding that the services to be performed by the plaintiff would be paid for by the deceased. Answers to questions No. 5 and No. 12 show there was but one agreement between them covering all the services rendered, and that was made at the very beginning of the services performed. These questions and answers are as follows:

"Q. 5. If you answer the above question 'Yes,' did Mr. Ritchie and Mrs. Cole make one agreement for all services and their different payment, or did they make separate agreements for different services? A. 5. One agreement or understanding for all."

"Q. 12. If any agreement or agreements were made by the parties plaintiff and William Ritchie, when was or were it or they made? A. 12. July 15, 1923."

The determination of the question of there being one or more contracts or agreements was particularly within the province of the jury. It was a question of fact within the evidence as to whether it was a continuous contract or separable for each of the different divisions or items. The court in giving the instructions after hearing the evidence, submitted to the jury the question of whether or not there was a contract, not a series of contracts or separable items or divisions involved. The claims submitted rated the compensation by the week. The answers of the jury refer to the number of trips

made by the plaintiff to the home of the deceased in caring for him. It is true some agreements by their terms are, as a matter of law, not continuous contracts regardless of the intention of the parties making them, but that usually occurs because of some special condition or requirement being made a part of the contract, as for example a definite or fixed time for payments.

"If the contract of employment does not fix any time for payment, the general rule, in the absence of construction of the agreement to the contrary, is that the statute begins to run when the work is completed, and not sooner; for the promise to pay continues up to the time the work is finished." (37 C. J. 824.)

There was no fixed time for payment here and no suggestion as to completion or termination of the services. The jury found this was just one contract and there was no feature of the agreement that required it to be considered as severable, as a matter of law, and therefore the statute of limitations did not begin to run against the claim until the work was finished and the services terminated.

"The rule announced in the case of *Grisham v. Lee,* 61 Kan. 533, 60 Pac. 312, that where there is a single hiring and the term of service and time when compensation is due are not fixed, the hiring is continuous and the statute of limitations does not begin to run against a claim for compensation until the service terminates, approved and applied." (*Schaffner v. Schaffner,* 98 Kan. 167, syl., 157 Pac. 402.)

"If there is a single hiring, and the term of service of the employee and, also, the time when his compensation shall become due are not fixed by agreement or understanding, and the hiring and service continue without interruption or payment until the death of the employer, the employment, in the absence of evidence of a general custom or usage, may be deemed continuous, and the statute of limitations will not begin to run against a claim for compensation until the services are ended." (*Grisham v. Lee,* 61 Kan. 533, syl. ¶ 1, 60 Pac. 312.)

"No time having been fixed for the term of service or payment for the service of the employee which continued until the death of the employer, the ordinary rule is that the statute of limitations does not begin to run against a claim for compensation until the services are ended, unless there is a general custom or usage to the contrary; and, while a custom was shown herein as to a part of the services rendered, it is not deemed to be controlling on account of the character of the services performed and the peculiar relationship that existed between the parties to the agreement." (*Jewell v. Trust Co.,* 103 Kan. 381, syl. ¶ 2, 173 Pac. 923.)

The memorandum opinion of the trial court shows plainly that the court did not disapprove the verdict in any way or for any reason except on the theory that the three-year statute of limitations would

compel the exclusion from the verdict of compensation for all services performed more than three years before the filing of the claim. Since there was no other disapproval of the verdict and we have concluded that under the findings of the jury the statute of limitations does not apply, the verdict of the jury should stand. It was not error for the court to permit evidence to be introduced as to the reasonable value of the services rendered even if the alleged contract did state an agreed amount. (22 C. J. 176.)

The order of the trial court in granting a new trial is reversed and the cause is remanded with directions to set aside that order and render judgment for plaintiff on the verdict.