No. 32,601

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SALINE, *Appellee,* v. THE CITY OF SALINA, *Appellant.*

(56 P. 2d 68)

Opinion filed April 11, 1936.

*W. S. Norris, Roy A. Smith* and *Homer B. Jenkins,* all of Salina, for the appellant.

*Sanford M. Manker,* county attorney, and *E. H. Linville,* assistant county attorney, for the appellee; *W. B. Crowther* and *Morris Johnson,* both of Salina, of counsel.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order sustaining plaintiff's motion to strike certain portions of defendant's answer.

It is contended this order was equivalent to sustaining a demurrer to defendant's answer and is in substance a decision on the merits of the action.

The action was brought by Saline county against the city of Salina, to recover payments of special assessment taxes levied by the city and placed on the tax rolls of the county, which taxes the county paid to the city without having collected the same from the owners of the property against which such taxes were assessed.

The action was filed December 13, 1932. On January 14, 1933, defendant lodged a general demurrer against the petition. The cash-

basis law became effective March 31, 1933. Defendant's demurrer was overruled July 25, 1933.

Thereafter defendant filed its answer. Plaintiff filed a motion to strike paragraphs 4, 6, 7 and 8, of the answer. Upon the hearing of the motion to strike defendant was granted leave to amend paragraphs 4 and 8 of the answer. Paragraph 4 pleaded a set-off against the claim of plaintiff for interest and penalties allegedly collected by the county on delinquent special assessments. Paragraph 8, among other things, alleged failure of plaintiff to comply with the provisions of the cash-basis law. By agreement plaintiff's original motion to strike was treated as leveled against the amended answer and was sustained. From that ruling defendant appeals.

Appellant lists as specifications of error the ruling sustaining the motion to strike paragraphs 4, 6, 7 and 8 of the answer. We assume, however, from what was said on oral argument and from appellant's brief, it relies only on the ruling pertaining to paragraph 8. We shall, therefore, limit the opinion to that complaint.

Paragraph 8 of appellant's answer discloses not only the facts relied upon, but fairly discloses appellant's general contention. It is as follows:

"For its further answer, defendant alleges that if the plaintiff at any time had any claim against the city of Salina on account of the matters and things set forth in the plaintiff's petition, then such claim was a liquidated claim and was definite in amount on the 30th day of April, 1933; that by the provisions of chapter 319 (H. B. 745) of the Laws of Kansas, 1933, which became effective upon the 31st day of March, 1933 (now secs. 10-1101 to 10-1122, R. S. Supp. 1933) the city of Salina was required to and it did duly publish and post, in the manner set forth in said law, a detailed and itemized statement of the amounts of all registered warrants owing by it, the amounts of all overdrawn funds, the amounts of all valid claims against the municipality for services rendered or material furnished prior to the close of business on the last day of April, 1933, and the amounts of all of the other indebtedness of such municipality not secured by bonds and not enumerated above, which were valid obligations of the municipality at the close of business on the last day of April, 1933, giving the date, the name of the creditor, and a short statement of what the indebtedness was for, and the amount of such indebtedness, and notifying every person claiming to be a creditor of such city whose claim or demand is not shown on such posted or published statement that he must present to the governing body of such city a duly verified voucher covering said claim or demand on or before May 15th, 1933; said law further provided that the governing body of such city should assemble on May 15, 1933, for the purpose of passing on all claims so presented, and either allow or disallow the same; that prior to April 30th, 1933, and prior to the enactment of said law, the board of county commissioners of Saline county, Kansas, did present to

the defendant, the city of Salina, a statement showing the alleged indebtedness of the city of Salina to the board of county commissioners as sued for in the plaintiff's petition, but such claim was not allowed by the governing body of the city of Salina, and the claim was not thereafter presented to or filed with the defendant, or its governing body, by the plaintiff, and the governing body of the city of Salina in posting and publishing the notices as required by chapter 319 of the Laws of Kansas, 1933, did not list the indebtedness claimed to be due from the city of Salina to the plaintiff for the reason that the defendant did not consider said claim to be a valid claim, debt or obligation of the city of Salina; a true and correct copy of the notice and statement posted and published by the city of Salina, which was duly posted and published at the times and in the maner required by law, is attached hereto, made a part hereof and marked exhibit 'X.' Said notice contained a statement that any person claiming to be a creditor of the city of Salina, whose claim or demand was not shown upon such posted and published statement must present to the governing body a duly verified voucher covering said claim or demand on or before May 15th, 1933, and that the governing body would assemble on said date for the purpose of passing upon all claims so presented, and either allow or disallow the same; that the plaintiff did not thereafter and on or before May 15th, 1933, present to the governing body of the city of Salina a duly verified voucher covering its said claim or demand, or any other statement or claim of any kind whatsoever, pursuant to said notice and the requirements of said law; nor did it ever at any time appeal to the district court from any order or action of the governing body of said city, in the manner provided by said chapter 319, Laws of 1933; that said law further provided in section 4 thereof that all claims not presented as above provided (except unliquidated claims for damages) shall be barred and shall no longer constitute a valid and existing indebtedness of the municipality. That by reason thereof the claim of the plaintiff, if any it had on and prior to May 15th, 1933, has become barred by reason of the provisions of section 4 of chapter 319 of the Laws of Kansas, 1933, and no longer constitutes a valid and existing indebtedness of the defendant, the city of Salina, and that by reason of said law, the defendant the city of Salina is and will be at all times in the future prohibited from paying such claim or any part thereof, and it is wholly without power to raise any funds or to levy any taxes or to incur any indebtedness for the purpose of paying any part of said obligation which may have existed on or prior to the 15th day of May, 1933; that pursuant to said law and to the notice posted and published as required thereby, this defendant funded in the manner provided by said law all of its obligations and indebtedness then existing as set forth in the statement so posted and published and has no power or authority under the law to pay any other or additional obligation or claim of any kind or nature, existing prior to said date except claims for unliquidated damages and the claim of the plaintiff is forever barred by reason of the provisions of said law."

Appellant directs our attention to various decisions of this court interpreting the reason and purpose for the enactment of the cash-basis law. It contends the law demands and definitely prescribes a

new course of business administration for municipalities. It urges that the filing of a claim is only one of the procedural steps made mandatory by the law. It is insisted the allowance of the claim, and in the event of its disallowance, appeal to the district court, are all essential and necessary steps to a full compliance with the cash-basis law. We are also reminded of our previous decisions holding that a municipal corporation is bound to the same extent as an individual in the matter of filing claims in accordance with the precise provisions of the law. In support of these various contentions we are referred to *State, ex rel., v. Board of Education,* 137 Kan. 451, 21 P. 2d 295, *Drum v. French,* 138 Kan. 277, 25 P. 2d 579; *Citizens Bank of Weir v. Cherokee Township,* 138 Kan. 282, 25 P. 2d 1019; *Woodson County Comm'rs v. City of Yates Center,* 139 Kan. 519, 32 P. 2d 209; *Levant Consolidated Dist. v. Colby Comm. High School,* 140 Kan. 561, 38 P. 2d 684.

These decisions have received our studious review and consideration. It is true it has been definitely held that the provisions of the cash-basis law are mandatory and that full compliance therewith is essential. Careful analysis of those decisions, however, reveals nothing demanding disapproval of the express holding of this court on the precise subject involved in this case, namely, the necessity for filing a claim when an action on such claim was pending on the date the cash-basis law took effect. In the case of *State, ex rel., v. Williams,* 139 Kan. 599, 32 P. 2d 481, it was held:

"Where a claim of one school district against another is in process of adjudication in an action when the date for filing claims under the cash-basis law took effect, it was not necessary to file a claim under that law." (Syl. ¶ 3.)

In that case, as in the instant case, the action was pending and the issues were being joined prior to the date the cash-basis law became effective. The judgment must therefore be affirmed. It is so ordered.