No. 33,418

R. D. ARMSTRONG, *Appellee,* v. SCOTT COUNTY COMMUNITY HIGH SCHOOL, *Appellant.*

(68 P. 2d 642)

Opinion filed June 12, 1937.

*Leo. T. Gibbens,* of Scott City, *C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellant.

*H. O. Trinkle,* of Garden City, and *D. B. Lang,* of Scott City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The principal question in this appeal is whether the enactment of the cash-basis law arrested the running of the statute of limitations.

Plaintiff, under circumstances later referred to, in April, 1930, filed his claim against the defendant school, which did not pay. Following enactment of the cash-basis law, on May 10, 1933, plaintiff filed another claim, and on its being rejected appealed to the district court. At the first trial judgment was for defendant. A new trial was granted and plaintiff ordered to file a petition setting out his claim.

The petition alleged that in December, 1929, the school district, contemplating erection of a school building and the issuance of $100,000 of bonds, entered into a contract with Fidelity National Company, of Kansas City, Mo., whereby the company agreed to buy the bonds at a stipulated price, and to "complete transcript, print blank bonds, pay attorney's fee and offer said bonds to state school fund." It was further alleged that it was agreed between the school board and the company that plaintiff should be employed as attorney to manage and supervise all proceedings relating to the election and issuance of the bonds, his compensation to be $200 to be paid by the company; that after the above contract was made the amount of the bonds was increased to $125,000, the proposal being adopted at an election March 22, 1930; that thereafter the transcript of the proceedings was prepared and the bond issue was offered to the state school fund commission, which purchased the bonds; that in April, 1930, plaintiff filed his duly verified voucher with the school board for $200, which the board tabled and never acted on; that on May 10, 1933, plaintiff filed his supplemental voucher and on May 15, 1933, the claim was rejected and on May 18, 1933, he appealed to the district court. The defendant's answer admitted its existence; that plaintiff was an attorney at law, denied generally, and alleged that if plaintiff had any claim it was barred by the statute of limitations.

At the trial it was admitted that plaintiff's services were reasonably worth $200. After plaintiff had testified he was later recalled and over objection permitted to testify that on May 15, 1930, he had approved some resolution pertaining to the bond issue, but there was no request by him to amend his petition to conform to proof. The trial court made findings of fact and conclusions of law which, so far as need be noticed, were that on April 18, 1930, plaintiff had filed his verified voucher for $200, and on May 15, 1930, the board of trustees (of defendant) had tabled it; that plaintiff had attended a board meeting on May 15, 1930, and approved a final bond resolution, and on May 10, 1933, after passage of the cash-basis law, and in compliance therewith, had filed his verified claim for $200; that on May 15, 1933, the claim was rejected and on May 18, 1933, plaintiff had appealed to the district court. The trial court's conclusion of law was:

"The plaintiff's cause of action, by reason of the passage and proceedings had under the cash-basis law, is not barred by the statute of limitations."

and that plaintiff was entitled to recover as on *quantum meruit.*

The only claim set up in the abstract is that filed in 1933, and the substance of it is:

"To professional services as attorney for the district in the matter of the election and issuance of bonds for the construction of a high-school building, such election being held March 22, 1930, $200. Voucher for the above claim was heretofore filed with the high-school board, but no action has been taken with reference to the allowance thereof. The above voucher is filed as a supplemental voucher under the provisions of House bill No. 745, Laws of Kansas, 1933."

Defendant appeals to this court.

Although appellant makes some contentions with respect to the contract between it and the company as not being for the benefit of plaintiff, passing that, as well as the question whether an implied contract can arise where there is an express one, it is clear that defendant availed itself of the benefit of plaintiff's services. The important question is whether the claim was barred by the statute of limitations, which, as applicable here, is G. S. 1935, 60-306, *second*.

Before proceeding to a discussion of the effect of the passage of the cash-basis law as extending the time fixed by the statute of limitations, we notice the evidence that on May 15, 1930, plaintiff rendered some service by approving a certain resolution, and the trial court's finding to that effect. There is no dispute that plaintiff filed his first claim for services on April 18, 1930. Following the claimed services of May 15, 1930, he filed no additional claim. The second claim filed in May, 1933, did not pretend to include anything not covered by the claim filed in April, 1930. When in response to an order of the trial court, he filed his petition, the service in May, 1930, was not mentioned, and at the trial after offering the evidence concerning it, he did not ask to be allowed to amend to conform to proof. Under the circumstances, it cannot be said that plaintiff considered the approval of the resolution in May, 1930, was any part of the claim which he sought to recover from defendant. Our attention is directed to cases holding that where there is a single hiring and the time of service and when compensation is to be paid are not fixed, the hiring is continuous and the statute of limitations does not begin to run against the claim until the service has been terminated. (See *Cole v. Emerson*, 133 Kan. 442, 1 P. 2d 249, and cases cited.) An examination of those cases discloses a type of continuing service much different from that before us here, and an entire lack of demand for payment such as was made by plaintiff in filing his claim

on April 18, 1930. It is also apparent that within three years following May 15, 1930, plaintiff did not present any claim on account of services then rendered. So far as the record discloses, and claim to the contrary is not made, it was not until the trial of this action in June, 1935, that plaintiff made any claim that he had rendered any service to the defendant on May 15, 1930, or on any other day subsequent to his filing of demand on April 18, 1930. And the trial court's conclusion the claim was not barred by reason of the passage of the cash-basis law and the proceedings had under it indicates that it did not consider that the service in May, 1930, for which no claim was made until in 1935, tolled the statute of limitations.

From what has been said, it follows plaintiff's claim was barred by the statute of limitations, unless the provisions of the cash-basis law extended the time in which claims against a school district could be presented and determined. That act (Laws 1933, ch. 319, G. S. 1935, 10-1101 *et seq.*) took effect on March 31, 1933, at a time when plaintiff's claim was not barred.

As applied here, the act required that on or before May 1, 1933, the governing body of any school district having outstanding indebtedness other than bonded indebtedness should make a full, complete and detailed financial statement which should include the "amount of all *valid claims*" for services rendered prior to the close of business on the last day of April, 1933, for which no warrant, check or other form of payment of indebtedness had been issued. Publication of this statement was required, the publication notice to include a statement that any person claiming to be a creditor of the school district whose claim or demand was not shown on such published statement, must present his duly verified voucher covering his claim on or before May 15, 1933. We need not note provisions for allowance or rejection of claims nor for appeal, nor for issuance of bonds to pay allowed claims. It is apparent from the act that the governing body was required to list only amounts of all valid claims as of April 30, 1933, and it is apparent from what has been said that on that date the plaintiff's claim was barred by the statute of limitations. While in this case the period in which plaintiff might have brought his suit expired after the cash-basis law became effective, we find nothing in the act which contemplates extension of the time in which he might have maintained his action. He knew that the governing body could lawfully list only valid claims, and not barred claims, and he also knew that if they did not recognize his claim he

must, after publication made and before May 15, 1933, file it with the governing body. He also knew that the governing body was without power to waive the statute of limitations. When on May 10, 1933, he did file his claim, it was the same claim which he had presented April 18, 1930, and which would have been barred on April 18, 1933, unless action had been brought thereon.

In *Girard Gas Co. v. Crawford County Comm'rs*, 139 Kan. 452, 32 P. 2d 226, it was held that an action in the district court to obtain refund of taxes was an action on implied contract, and being brought within three years was not barred by the statute of limitations. In *State, ex rel., v. Williams*, 139 Kan. 599, 32 P. 2d 481, and *Saline County Comm'rs v. City of Salina*, 143 Kan. 557, 56 P. 2d 68, it was held that where an action was pending in court to determine the claim, it was not necessary to file the claim with the municipality under the cash-basis law. In *State, ex rel., v. Board of Education*, 137 Kan. 451, 21 P. 2d 295, the power of the legislature to shorten the period of the statute of limitations was recognized. It is argued the legislature has power to extend it. That may be conceded, but a careful examination of the act does not disclose that such an extension was even attempted. On the contrary, instead of specifying claims due as of any particular date, the legislature was careful to fix the time applying to claims as those valid as of April 30, 1933. The whole tenor of the act was to make that date the closing date for which all unpaid demands as listed in that statute were to be refunded and paid with the proceeds of bonds as therein provided.

We conclude that plaintiff's cause of action arose when he made his demand for payment on April 18, 1930, and that no action having been brought thereon prior to April 18, 1933, it was barred by the statute of limitations, and that the trial court erred in rendering judgment in his favor. The judgment is reversed and the cause remanded with instructions to render judgment for the defendant.