IN RE CARROLL.

[No. 9,951.    Filed June 27, 1917.]

1.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Con-
    struction. — Dependents. — Presumptions. —* Under §38 of the
    Workmen's Compensation Act, Acts 1915 p. 392, providing
    that a wife living with a husband at the time of his death,
    and a child under the age of eighteen living with a parent at
    the time of his or her death, there being no surviving parent,
    shall be conclusively presumed to be wholly dependent for
    support upon deceased, but in all other cases dependency shall
    be a question of fact, a wife or child or both may be conclu-
    sively presumed to be wholly dependent, or, on inquiry into the
    facts, may be found to be either wholly or partially dependent,
    and where the situation exists that gives rise to the presump-
    tion that the wife or child is wholly dependent, there can be
    no further inquiry, regardless of what the real facts are, but,
    in order that such situation may arise in favor of a wife, she
    must be living with her husband at the time of his death, and
    in order that such conclusive presumption may be indulged in
    favor of a child, it must be less than eighteen years of age,
    must be living with the parent at the time of his death, and
    there must be a surviving parent either conclusively presumed

to be wholly dependent or found to be either wholly or partially dependent. p. 151.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency.*—*Question of Fact and Law.*—*Appeal.*—Questions of dependency, as the term is used in the Workmen's Compensation Act (Acts 1915 p. 392), are, where no conclusive presumption of dependency arises under the act, mixed questions of law and fact, and it is the exclusive province of the Industrial Board to determine the facts and draw legitimate inferences therefrom and to determine in the first instance from the facts and inferences whether dependency exists, but the action of the board in the latter respect is reviewable by the Appellate Court when an appeal is taken under §61 of the act. p. 153.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency.* — *Burden of Proof.* — In a proceedings under the Workmen's Compensation Act, Acts 1915 p. 392, by one seeking an award as a dependent, the burden is on the claimant to establish by evidence the facts showing dependency. p. 153.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependent.*—Generally, a dependent, within the meaning of workmen's compensation acts, is one who looks to another for support, or is in fact dependent, or relies on another for the reasonable necessities of life, and in determining dependency the inquiry should not be confined to the question whether the family of the deceased workman could have supported life without any contributions from him, or whether such contributions were absolutely necessary to the reasonable maintenance of the family, but rather the inquiry should include the question whether his contributions were looked to, depended and relied on, in whole or in part, by the family for means of reasonable support. p. 153.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency.*—*Elements.*—Among the elements that are indicative of a state of dependency, within the Workmen's Compensation Act (Acts 1915 p. 392), are an obligation to support, the fact that contributions have been made to that end, that the claimant in any case is shown to have relied on such contributions and their continuing, and the existence of some reasonable grounds as a basis for a probability of their continuance or a renewal thereof if interrupted, although it is not necessary to a state of dependency that all of such elements must exist, but, as a rule, subject to certain exceptions, the fact that contributions have been made is an essential element of dependency within the meaning of the act. p. 154.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency.*—*Evidence.*—*Sufficiency.*—In a proceedings for an

award for the death of a servant under the Workmen's Compensation Act, Acts 1915 p. 392, evidence, when aided by proper deductions, showing that decedent's widow and children did not live with him for a number of years immediately preceding his death, that deceased during such time made contributions to his family, irregular both as to intervals and amounts, and that the wife was furnishing the substantial means of support, is not sufficient to establish, as a matter of law, that either the wife or the children were wholly dependent on decedent for support.  p. 154.

7.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Partial Dependency.—Evidence.—Question for Industrial Board.*—In a proceeding for an award for the death of a servant under the Workmen's Compensation Act, Acts 1915 p. 392, where the wife had attempted to require her husband to discharge his legal obligation to support his family, which lived apart from him but had been only partially successful, her efforts to some extent indicate a reliance on contributions from him to aid her in supporting herself and children, and where for a number of years immediately preceding the husband's death his contributions to the family's maintenance were irregular both as to intervals and amounts, and the wife was furnishing the substantial means of support, such facts are not conclusive that a state of dependency did not exist and are sufficient to present to the Industrial Board for determination as a question of fact whether the wife, or children, or both, were partial dependents.  p. 155.

8.  HUSBAND AND WIFE.—*Support of Family.—Husband's Duty.*—A husband and father is under both a common-law and a statutory obligation to support his wife and children.  p. 156.

9.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Determination of Compensation to Partial Dependent.*—Under the Workmen's Compensation Act, Acts 1915 p. 392, in determining the amount of compensation to be paid a partial dependent, the inquiry respecting the amount contributed by the deceased employe to such partial dependent is not limited to the time of the injury, but the entire period during which contributions were made may be considered.  pp. 156, 157.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Carroll.   Questions of law certified by the Industrial Board.  *Questions answered.*

CALDWELL, J.—Under the provisions of §61 of the Workmen's Compensation Act (Acts 1915 p. 392), the Industrial Board has certified to this court certain questions of law based upon the facts presented by a proceeding pending before that body, seeking the opinion of this court for guidance in determining such proceeding. The substance of the statement of facts as formulated by the board, and wherein the employe involved is designated as A and the employer as B, is as follows: November 10, 1916, A, while in B's employ, received a personal injury from which he died the next day, the circumstances being such as to authorize an award, provided his widow and children were at the time dependents within the meaning of the act. His wages averaged $10.64 per week. A was married to the widow claimant in the city of New Orleans, Louisiana, January 26, 1903. They were not divorced. A left surviving him also, as the fruits of such marriage, a son and daughter, aged respectively eleven and nine years. By reason of A's intemperate habits and vicious disposition, his wife was compelled to and did separate herself from him about nine years prior to his death, and after such separation she did not live with him except in the month of August, 1914. She was justified in not living with A, but A was not justified in living apart from her. At sometime after August, 1914, A came to Indianapolis, where he was injured and died. His wife and children remained in New Orleans. While A lived with his wife and children he supported them only in part. During that time his wages averaged about nine dollars per week, of which he gave to his wife per week sums varying from three to nine dollars. The wife by her own labor largely supported both herself and children throughout her entire married life. During August, 1914, while A was living with his family, he contributed somewhat to their support. For a time

after August, 1914, A remained in New Orleans and worked at intervals. Within the period when A was living apart from his family, and especially while he remained in New Orleans, following August, 1914, if the children were able to locate him on pay days, he occasionally bought shoes for them, and gave them money not exceeding seventy-five cents at any one time. The amount of money which he gave to his wife within the period of their married life did not average to exceed $25 per year. The amount contributed to his children while he was living apart from his wife after August, 1914, did not exceed $12 per year. In 1908, the wife, proceeding under a Louisiana statute, procured an order of court against A that he pay to her three dollars per week for the support of herself and children. A complied with the order for about six months, but thereafter made no further payments, and moved from place to place that he might avoid any process of court directed to the enforcement of the order. In September, 1914, the wife, by a proceeding under another Louisiana statute, procured an order of court that A pay to her $2.50 per week for the support of the children. A, being released on his own recognizance, failed entirely to comply with the order.

Upon the facts, the board submits questions as follows: Under the provisions of the Workmen's Compensation Act (1) Was the wife a dependent, and if so, was such dependency total or partial? (2) Were the children dependents, and if so, was such dependency total or partial.

In considering these questions, there are certain facts not clearly appearing, which we shall assume: Thus, that A's contributions to the support of his wife and children were only as specifically stated; that a statement to the effect that within a named time A gave to his wife and children certain sums of money, or not ex-

ceeding certain sums, or bought for them certain articles, means that within such time he made no further or other contributions to their support; that he made no contributions to his wife after he finally left New Orleans, sometime after September, 1914, apparently soon thereafter.

The provisions of the Workmen's Compensation Act, *supra*, specially applicable are as follows: "Sec. 38: The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employe: (a) A wife upon a husband with whom she lives at the time of his death. * * * (c) A boy under the age of 18, or a girl under the age of 18 upon the parent with whom he or she is living at the time of the death of such parent, there being no surviving dependent parent. * * * In all other cases, questions of dependency in whole or in part shall be determined in accordance with the fact, as the fact may be at the time of the injury; and in such other cases if there is more than one person wholly dependent, the death benefit shall be divided among them; and persons partly dependent, if any, shall receive no part thereof; if there is no one wholly dependent and more than one person partly dependent, the death benefit shall be divided among them according to the relative extent of their dependency."

It will be observed that, under the provisions of §38, *supra*, a wife or a child or both may be conclusively presumed to be wholly dependent, or on an inquiry into the facts may be found to be either wholly or partially dependent. Where the situation exists that gives rise to the presumption, there can be no further inquiry regardless of what the real facts are. In order that such situation may arise in favor of a wife, she must be living with her husband at the time of his death. In order that such conclusive pre-

sumption may be indulged in favor of a child, such child must be less than eighteen years of age, must have been living with the involved parent at the time of his death, and there must not be a surviving parent either conclusively presumed to be wholly dependent or found to be either wholly or partially dependent.

Under the facts here, it does not appear that either the wife or the children were living with the husband and father at the time of his death. It follows that a conclusive presumption of total dependency cannot be indulged in favor of either. See the following decided under statutes identical with or very similar to ours on the subject under consideration: *Nelson's Case* (1914), 217 Mass. 467, 105 N. E. 357; *Gallagher's Case* (1914), 219 Mass. 140, 106 N. E. 558; *Bentley's Case* (1914), 217 Mass. 79, 104 N. E. 403; *Northwestern Iron Co.* v. *Industrial Commission, etc.* (1913), 154 Wis. 97, 142 N. W. 271, L. R. A. 1916A 366, and note at 370, Ann. Cas. 1915B 877; *Finn* v. *Detroit, etc., Railway* (1916), 190 Mich. 112, 155 N. W. 721, L. R. A. 1916C 1142, Ann. Cas. 1915B 377, and note. Since the decision of the above cases cited from Massachusetts, the Workmen's Compensation Act of that state has been amended, extending the effect of a conclusive presumption of total dependency in favor of a wife to a case where it is found that at the time of her husband's death she was living apart from him for justifiable cause, or because he had deserted her. (Mass. St. 1914 c. 708, §3.) Our act does not contain a similar provision.

We proceed to the question of dependency unaided by conclusive presumption: The provisions of the act applicable here, as already stated, are as follows: "In all other cases, questions of dependency in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury."

We have hereinbefore set out the facts.    Are those facts sufficient to establish dependency in favor of either the wife or the children?    Whether one

2. person is dependent on another within the meaning of that term as used in workmen's compensation acts, is usually held to be a question of fact. *Fierro's Case* (1916), 223 Mass. 378, 111 N. E. 957; *Newman's Case* (1916), 222 Mass. 563, 111 N. E. 359, L. R. A. 1916C 1145; *Veber's Case* (1916), 224 Mass. 86, 112 N. E. 485; *Gallagher's Case, supra; Finn* v. *Detroit, etc., Railway, supra.*    It is perhaps more accurate to say that questions of dependency are mixed questions of fact and law, since the ultimate question of what constitutes dependency is a law question.    It is the exclusive province of the board to determine the facts and to draw legitimate inferences therefrom. It is the province of the board also in the first instance to determine from such facts and inferences whether dependency exists, but as such latter process involves a law question, the action of the board in such respect is reviewable by this court when an appeal is taken under §61 of the Workmen's Compensation Act.

3. In each case, the burden is on the claimant to establish by evidence, direct, circumstantial, or both, the facts showing dependency.    *Fierro's Case, supra; Ohio Bldg. Vault Co.* v. *Industrial Board* (1917), 277 Ill. 96, 115 N. E. 149.

Our act does not define dependency, and does not specifically indicate who are dependents, except as to persons included within the conclusive presump-

4. tion of total-dependency features of the act. Courts as a rule, in determining questions of dependency and who are dependents, resort to description, to an outlining of the elements rather than to definition. Stated generally, a dependent is one who looks to another for support and maintenance; one who is in

fact dependent; one who relies on another for the reasonable necessities of life. *Jackson* v. *Erie R. Co.* (1914), 86 N. J. Law 550, 91 Atl. 1035; *Matter of Tirre* v. *Bush Terminal Co.* (1916), 172 App. Div. 386, 158 N. Y. Supp. 883.

To confine the inquiry to the question whether the family of the deceased workman could have supported life without any contributions from him, or whether such contributions were absolutely necessary in order that the family might be reasonably maintained, is not a fair test of dependency; but rather the inquiry should include the question whether contributions from the workman were looked to, depended and relied on, in whole or in part, by the family for means of reasonable support. *Howells* v. *Vivian & Sons* (1902), 85 L. T. 529; *Powers* v. *Hotel Bond Co.* (1915), 89 Conn. 143, 93 Atl. 245.

Among the elements that are *indicia* of a state of dependency are: an obligation to support; the fact that contributions have been made to that end; that 5. the claimant in any case is shown to have relied on such contributions and their continuing; and the existence of some reasonable grounds as a basis for probability of their continuance or of a renewal thereof if interrupted. We would not be understood as indicating that all these elements must exist in each case in order that there may be a state of dependency. As a rule, to which there are exceptions, however, the fact that contributions have been made is an essential element of a state of dependency within the meaning of the act. L. R. A. 1916A, notes 121, 248.

Here the facts have been submitted to us. We have said that ordinarily it is the exclusive province of the Industrial Board to deduce inferences from 6. proven facts. An analysis of these facts might lead to certain conclusions under which de-

pendency here becomes a question of law: Thus, if such facts establish conclusively the existence or the nonexistence of dependency, or if they are insufficient to establish such a state, then dependency becomes a law question; or if such facts, of themselves and unaided by inference, are not sufficient to establish anything on the subject of dependency, and if they are reasonably susceptible of only harmonious inferences—that is, inferences all tending to indicate a state of dependency or the opposite, then also dependency becomes a law question, as under such circumstances this court may draw the inferences that arise inevitably from the facts and, having done so, it ultimately becomes the province of this court to determine dependency as a law question. It is our judgment that the facts here, when aided by all proper deductions, are not sufficient to establish that either the wife or the children were wholly dependent on the deceased employe for support. Such is our opinion as matter of law. *Fierro's Case, supra; Newman's Case, supra; Nelson's Case, supra; Finn* v. *Detroit, etc., Railway, supra; Northwestern Iron Co.* v. *Industrial Commission, etc., supra.*

There was no time when the deceased employe either fully or substantially supported his wife or his children. For the most part, the wife by her own labor throughout her entire married life maintained both herself and her children. For a number of years immediately preceding his death, the workman contributed very irregularly and in amounts comparatively trivial. There is no statement included in the facts that his contributions approached sufficiency for the support of his family, and in fact the contrary appears. The situation at the decease of the workman, viewed in the light of the past, did not warrant either the wife or the children in looking entirely

to him for maintenance. Hence it is our judgment that neither the wife nor the children were wholly dependent on the deceased husband and father for support. It does not follow, however, that they may not have been partially dependent within the meaning of the act. This question, as well as the question of actual total dependency, must be "determined in accordance with the fact, as the fact may be at the time of the injury." §38, *supra*. At the time of the injury, the employe was regularly employed at a weekly wage of

8. $10.65. He rested under both a common-law and a statutory obligation to support his wife and children. There is a moral obligation to

9. that end also which the average man cheerfully discharges, and to the promptings of which even the most careless or indifferent may eventually bend a listening ear. The wife had shown a disposition to require her husband to discharge his legal obligation to his family. She had met with indifferent success, but her efforts to some extent perhaps indicate a reliance on contributions from him to aid her in supporting herself and children. For a number of years immediately preceding his death, his contributions were, as we have said, irregular both as to intervals and amounts. The wife was furnishing the substantial means of support. These facts, however, are not conclusive that a state of dependency did not exist. 1 Honnold, Workmen's Compensation 71. *Powers* v. *Hotel Bond Co.*, *supra;* *Kennerson* v. *Thames Towboat Co.* (1915), 89 Conn. 367, 94 Atl. 372, L. R. A. 1916A 436; *Smith* v. *Sash & Door Co.* (1915), 96 Kan. 816, 153 Pac. 533.

Apparently the father continued his irregular contributions for the support of his children up to the time of his decease. He, however, apparently for some months had contributed nothing directly to his wife's support. In our judgment, all the foregoing consti-

tuted elements of the fact "as the fact may be at the time of the injury," in that they were component parts of the actual situation.

"Where there is a direct legal obligation to support, as in case of a father to his minor children, coupled with a reasonable probability of such obligation being fulfilled, dependency is established, even though no support was in fact being furnished at the time of the workman's death. The law does not limit dependency of minor children living apart from their parents to cases where actual support was being furnished or contributions made, as such rule would in many instances exclude children from the benefits of a law that was clearly intended for their protection." 1 Honnold, Workmen's Compensation §82.

It is apparent from what we have said that we can give no opinion whether the facts here, as matter of law, establish that the wife or the children were or were not partially dependent on the deceased employe for support within the meaning of the act. We think it is plain that the facts do not conclusively show dependency. It is the province of the board, as we have said, primarily to determine the question of whether dependency exists in a given case. It is our opinion that the facts here, although not strong, are sufficient for the consideration of the board in order that it may be determined whether the wife or children or both depended and relied on contributions from the deceased for support, and whether they had reasonable grounds to do so, and consequently whether a state of partial dependency existed.

A further problem not included in the questions submitted to us is suggested by the facts presented. Section 37 of the act, *supra*, provides for the distribution of the death benefits where the injury results in death within 300 weeks, to the effect that

there shall be paid to persons wholly dependent for a designated period, a weekly compensation equal to fifty-five per cent. of the deceased's average weekly wages, and that if the deceased employe leaves only persons partially dependent, "the weekly compensation to those dependents shall * * * be in the same proportion to the weekly compensation for persons wholly dependent, as the amount contributed by the deceased employe to such partial dependent bears to his annual earnings at the time of the injury." It will be observed that in determining the amount to be paid to persons partially dependent, three elements are to be considered: First, the annual earnings of the deceased at the time of his injury; secondly, the amount that would be paid to a person wholly dependent under the same circumstances; thirdly, the amount contributed by the deceased employe to such partial dependent. The inquiry respecting the third element is not limited to the time of the injury. The section reads "contributed," rather than "being contributed." It is our judgment that, in determining the third element, the entire period during which or within which contributions have been made may be considered.

NOTE.—Reported in 116 N. E. 844. Workmen's compensation: who is a "dependent" within meaning of act, L. R. A. 1916A 121, 248, Ann. Cas. 1913E 480, 1918B 749.