IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1921, IN
THE ONE HUNDRED FIFTH YEAR OF THE STATE.

---

HOOSIER VENEER COMPANY *v.* STEWART ET AL.

[No. 10,828. Filed December 21, 1920. Rehearing denied February 23, 1921. Petition for transfer dismissed May 31, 1921.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Questions of Fact.—Dependency.*—Under §38 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the question of dependency, except where conclusively presumed, is one of fact to be determined from the evidence. p. 2.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Failure to Find Ultimate Fact.—Setting Out Evidentiary Facts.*— In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), involving the question of dependency, where the Industrial Board set out the evidential facts instead of finding the ultimate fact of dependency, but the only legitimate inference to be drawn from the evidential facts was that applicants were dependents, and the board acted on that inference, the case will not be returned to the board for a specific finding, but the evidential facts will be treated as the equivalent of a finding of the ultimate fact. p. 2.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation.—Average Weekly Wage.—Average Weekly Contributions to Defendants.—Computing.*—In a proceeding by parents under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) to obtain compensation for the death of a child, who had worked about a week for the employer and had never worked for wages before, except for three weeks about a year previous helping an uncle in harvesting, it was not proper for the board to consider the payments

made to deceased by the uncle either in the determination of the average weekly wage or the average weekly contributions for the support of the parents. p. 3.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by John Stewart and others against the Hoosier Veneer Company. From an award for applicants, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson,* for appellant.

*Frank B. Ross* and *Edward H. Knight,* for appellees.

DAUSMAN, P. J.—It appears from the finding of facts that one Harold Stewart was employed by the Hoosier Veneer Company and entered upon his work July 29, 1919; that on August 6, 1919, he received a personal injury by accident, arising out of and in the course of the employment, and resulting in his death on said date; that he was sixteen years and twenty-four days of age at the time of his death; and that he was the son of the appellee John Stewart. The proceedings before the Industrial Board resulted in an award of compensation to the father at the rate of $9.075 per week.

Appellant presents two contentions for our determination: (1) that the facts found do not show dependency; and (2) assuming that an award in some amount was proper, the board erred in fixing the amount of the weekly payments.

The question of dependency is one of fact to be determined from the evidence. §38 Workmen's Compensation Act, Acts 1919 p. 158. The board did not find specifically that the appellees were dependents. Instead of finding the ultimate fact of dependency, the board has set out the evidential facts. However, the only legitimate inference to be drawn from the evidential facts is that the appellees are dependent. While it was the duty of the

board to have found the ultimate fact specifically, yet since the board has acted on that inference, and in view of the attitude of the parties with respect thereto, we will not return the case to the board and require it to make a specific finding on that point, but will treat the evidential facts as the equivalent of the ultimate fact.

The evidence tends fairly to prove that appellees were partial dependents. See *In re Stewart* (1920), 72 Ind. App. 463, 126 N. E. 42.

It is conceded that Harold's wages were fixed by agreement at $16.50 per week, and at that rate his total earnings were $20.73. The entire amount so earned he contributed to his parents to aid in supporting the family. It is apparent, therefore, that the board's computation is correct. §76 Workmen's Compensation Act, Acts 1919 p. 158.

The evidence discloses that Harold had never before worked for wages except in the preceding July, when he worked three weeks for an uncle, helping 3. in harvesting. For that work his earning amounted to $27.25, all of which he contributed to his parents to aid in supporting the family. Appellant contends that the amount thus earned should be taken into the account when determining the average weekly wage. The language of the statute is a sufficient answer to that contention.

A further contention is that in determining the average weekly contributions, the board should have taken into account the entire period from the time the workman commenced to work on the farm to the time of the fatal injury. We are of the opinion that under the facts of this case the board was not required, for the purpose of this computation, to include any period of time other than the term of his employment with the appellant.

Award affirmed.