RASIN v. MIAMI COAL COMPANY.

[No. 11,525.   Filed December 12, 1922.]

1. MASTER AND SERVANT. — *Workmen's Compensation Act.—Award.—Validity.—Failure of All Members of the Board to Sign.*—An award of compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) is not contrary to law because signed by but three members of the Industrial Board.   p. 125.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependency of Father on Son.—Determination.*—Under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.*

Burns' Supp. 1921) a father is not presumed to be dependent upon a son for support, and whether he is depends on whether he, as a matter of fact, relies upon the son for the reasonable necessities of life.  p. 125.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Questions of Fact.—Dependency.*—The question whether a father is dependent upon a son within the terms of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) is generally one of fact.  p. 126.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings.—Conclusions of Law.*—A statement in a finding by the Industrial Board that applicant was not dependent upon his deceased son for support, *held* not a conclusion of law.  p. 126.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Leon Rasin against the Miami Coal Company.  From an award denying compensation, the applicant appeals.  *Affirmed.*

*Wade & Wilson,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor* and *George W. Buff,* for appellee.

McMAHAN, J.—Application by appellant for compensation on account of the death of his minor son, Dominic Rasin, who while an employe of appellee met with an accident arising out of and in the course of his employment, and which resulted in death.

The application was first heard by a single member of the board and later was reviewed by the full board. On review the board found all the facts entitling appellant to an award, with the exception, that the board found appellant was not dependent upon said son either wholly or partially.  An award was made denying compensation.

The errors properly assigned and relied on for reversal are that the award is:  (1) Contrary to law; and (2) that it is not sustained by sufficient evidence.

The record shows that there was a hearing before a single member of the board, an application for review by the full board and a review had by the full board.

The finding and award of the board on review was signed by but three members of the board.   On authority of *Root Dry Goods Co.* v. *Gibson* (1919), 71 Ind. App. 77, 123 N. E. 134, we hold the award is not contrary to law because it was not signed by all the members of the board.

Appellant's contention is that the undisputed evidence shows such a state of facts that we must say as a matter of law he was dependent upon the deceased son for support and that the award is therefore not sustained by sufficient evidence and is contrary to law.

The Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921, does not define dependency.   Neither does it indicate who are dependents, except as to persons included within the conclusive presumption of total dependency provisions of the act.   A father is not under our act presumed to be dependent upon a son for support.   Whether appellant was a dependent within the law depends on whether he as a matter of fact looked to and depended upon his son for support and maintenance—whether he in fact relied upon the son for the reasonable necessities for life.   As said by this court in *In re Carroll* (1917), 65 Ind. App. 146, 154, 116 N. E. 844, 846:   "To confine the inquiry to the question whether the family of the deceased workman could have supported life without any contributions from him, or whether such contributions were absolutely necessary in order that the family might be reasonably maintained, is not a fair test of dependency; but rather the inquiry should include the question whether contributions from the workman were looked to, depended and relied on, in whole or in part, by the family for means of reasonable support."

To the same effect, see *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848; *Bloomington, etc., Stone Co. v. Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *In re Stewart* (1920), 72 Ind. App. 463, 126 N. E. 42.

The question of dependency in a case like the present case is generally a question of fact to be determined from the evidence. *Hoosier Veneer Co. v. Stewart* (1920), 76 Ind. App. 1, 129 N. E. 246; *Empire Health, etc., Ins. Co. v. Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664; *Payne, Director General, v. Wall* (1921), 76 Ind. App. 634, 132 N. E. 707.

The evidence in this case relative to the dependency of appellant upon his deceased son is, to say the least, not so clear and decisive that we can say the board drew a wrong inference when it found that he was not a dependent.

Cases might arise where the question of dependency was a matter of law, but this case does not come within that class of cases. Under the evidence in this case the question whether appellant was depending upon his deceased son for support was a question of fact. The evidence is sufficient to sustain the board in finding that appellant was not a dependent, and in refusing to award him compensation.

Appellant also insists that the statement in the finding that appellant was not dependent upon his son is a conclusion of law. We can not concur in this contention. See *Muncie Foundry, etc., Co. v. Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Empire Health, etc., Ins. Co. v. Purcell, supra; Payne, Director General, v. Wall, supra.*

The award is affirmed.