INLAND STEEL COMPANY *v.* BARBALIC ET AL.

[No. 13,299.   Filed April 19, 1929.]

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellant.

*Frederick C. Crumpacker, Edwin J. Friedrich* and *James L. Sullivan,* for appellees.

NICHOLS, J.—Proceedings by Ante, Mary and Santo Barbalic, by Peter Magasic, attorney in fact, before the Industrial Board of Indiana, praying for an award of compensation under the Workmen's Compensation Law of Indiana. The application alleged that, on January 25, 1926, Frank Barbalic died as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellant, and that he left surviving him, as his only dependents, appellees, and stated their residence to be Island of Krk, Baska Nova, Jugoslavia.

Appellant denied liability for compensation in this action for the reasons that: (1) It did not admit the relationship of dependency between appellees and claimants of the deceased; (2) the claimants were not dependents of the said Frank Barbalic; (3) it did not admit the identity of the said Frank Barbalic.

Appellees filed application for adjustment of compensation; appellant filed a demurrer, which demurrer was overruled by the hearing member, and later the full board made a finding, which, so far as here involved, is that: "Said demurrer was overruled by the hearing member; that the Industrial Board has at no time adopted any rule providing for filing demurrers to complaints or applications for compensation. In the case of *Carl Hagenbeck, etc., Shows Co.* v. *Leppert,*

66 Ind. App. 261, the Appellate Court said: 'The rules of procedure prescribed in the Civil Code are not available in matters before the Industrial Board.' The act provides that the board shall prescribe its own procedure. Pleas in abatement are not entitled to consideration in the absence of a rule by the Industrial Board permitting the filing of such pleas. Also, in the case of *Dye & Son* v. *Nichols*, 81 Ind. App. 13, the court said: 'The Industrial Board has a procedure of its own and borrows nothing by implication from the Civil Code or from the courts of common law. It is an administrative body, and as such, is not bound by the rules of court procedure.' Also, in the case of *Thompson* v. *A. J. Thompson Stone Co.*, 81 Ind. App. 442, the court said: 'We are strongly impressed with the idea that it was the intention of the legislature to provide for compensation with expedition and with a minimum of legal procedure.'''

The full board then rendered its award that the demurrer filed in this cause May 19, 1927, be stricken from the file; that appellant's objections to answers 11, 12, 13, 14, 15 and 16 in the deposition of Ante Barbalic be overruled; that appellee Ante Barbalic be awarded 300 weeks' compensation against appellant at the rate of $13.20 per week, beginning on Januray 24, 1926; and that appellees Mary Barbalic and Santo Barbalic take nothing. From this award, this appeal.

Appellant makes the statement that the proceeding is brought in the name of the alleged dependents, by an attorney in fact, and that the application is verified by him without the filing with the Industrial Board of any showing of any kind, nature or character of his authority to act as such attorney in fact. A substantial portion of its brief is devoted to the questions growing out of the alleged want of authority on the part of the attorney in fact to perform any acts on behalf of the dependents. There was no power of

attorney in the original record as filed in this court. But, after appellant's brief was filed, on appellees' petition, a writ of *certiorari* was ordered, and the return thereto brought to this court a certified copy of the power of attorney in question, fully authorizing and empowering the attorney in fact to do all things necessary to secure to appellees the award to which they claimed to be entitled. We do not need, therefore, to consider any question pertaining to the want of authority of the attorney in fact to act herein.

We fully approve the Industrial Board's interpretation of the law as it appears in its findings, and we do not need to restate it. Even if it were error for the Industrial Board to strike out appellant's demurrer, and we do not so decide, it was harmless, for the grounds for such demurrer, except one, pertain to the want of authority of the attorney in fact, and such authority has been fully established by the certified copy of the power of attorney. The exception is that appellees have no legal capacity to sue. Appellant gives no reason for this assertion, and we know of none.

Appellant complains of the action of the Industrial Board in overruling its objections to questions 11, 12, 13, 14, 15 and 16, and the answers thereto, as found in the deposition of appellee, the widow. These questions and the answers thereto had to do with whether the widow received money from the deceased, and if so, the times and amounts thereof. Appellant contends that such questions and answers are improper under the best evidence rule, but, even if the Industrial Board, an administrative board, were confined to the rules and practices of the civil courts, the best evidence rule has no application here. The witness was not attempting to testify to the contents of a written instrument, but as to having received money

from her husband, and the times and amounts thereof. The board did not err in its ruling in this regard.

While the evidence shows that the deceased and appellee, the widow, were not living together at the time of his death, it does not appear that there had been any legal separation, nor does it appear that there was any estrangement between them. On the contrary, it does appear that ever since the deceased had come to America, he had been sending money to his wife for her support, and that she was dependent on him therefor. The question of her dependency under such circumstances was a question of fact for the Industrial Board. *Colgate & Co.* v. *Smith* (1926), 84 Ind. App. 473, 151 N. E. 434.

The award is affirmed.