## BARKER ET AL. *v.* REYNOLDS ET AL.

[No. 14,274.   Filed January 29, 1932.]

*Chauncey W. Duncan,* for appellants.
*James L. Murray,* for appellees.

NEAL, C. J.—Appellants appeal from an award of the Industrial Board allowing compensation in the amount of $3.16 per week for 300 weeks to appellant Nannie S. Barker, and a finding by the board that appellant Charles R. Barker is not a dependent. It is assigned as error that the award is contrary to law, the first contention being that the Industrial Board erred in arriving at the amount of $3.16, being 55 per cent of the weekly contribution by deceased, as found by the board, whereas the board should have allowed compensation on a basis of $12.75 weekly contribution, or 55 per cent of the minimum weekly wage should have been found. It is uncontroverted that Nannie S. Barker is a partial dependent, and that the deceased, John Sipe, a son of Nannie S. Barker and a stepson of Charles R. Barker, was injured and later died as a result of an accident arising out of and in the course of his employment with appellee.

The undisputed evidence shows that John Sipe contributed $12 per week to his mother, except one week in each month when he gave her $15 to be used in paying the rent for the home; that John Sipe, his half-brother, Mark, who also contributed $12 per week to his mother, together with appellants, and sometimes a

grandmother of John Sipe, all resided together in the home; that Charles R. Barker "tended some truck on the place"; that John Sipe ate all meals there, and that Nannie S. Barker, in addition to preparing the meals, buying the groceries, etc., did the laundry for deceased; that John Sipe, at the time of the accident and death, was 30 years old; and that the average board and room cost in Rushville is $7 per week.

The average weekly amount contributed by John Sipe was $12.75. The Industrial Board, in arriving at the amount of partial dependency of Nannie S. Barker, evidently has deducted $7 from this average weekly contribution, allowing $7 as the amount required to be used for board and room cost to support John Sipe, thereby arriving at $5.75 as the amount upon which to base the award. Appellants contend this is contrary to law. That portion of the Workmen's Compensation Law applicable here (Acts 1929 p. 536, §38e) provides: "In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and [the] question of partial dependency shall be determined in like manner as of date of the injury." This same section (paragraphs d and e) in setting out persons presumed wholly dependent, speaking of "child," says: "Upon whom at such time, the laws of the state impose the obligation to support such child." Thus, it appears that, in determining the question of dependency, the fact as to whether a child is a "minor" child, or has been emancipated becomes an important element. It will be noted that John Sipe, at the time of his injury and death, was 30 years old, and, under the facts of this case, there is no showing that he had any obligation to support his parents. Under such circumstances, this court cannot say that it is improper to deduct the amount required to be used and expended for the sup-

port of John Sipe out of the contributions he (John Sipe) made to his mother. The $7 was merely the sum (as testified to by Nannie S. Barker) that would be required for board and room, whether in the home where appellant resided or elsewhere. The question of dependency is one of fact to be determined by the Industrial Board. *Hoosier Veneer Co.* v. *Stewart* (1920), 76 Ind. App. 1, 129 N. E. 246; *Rasin* v. *Miami Coal Co.* (1922), 79 Ind. App. 123, 137 N. E. 529; *Inland Steel Co.* v. *Barbalic* (1929), 89 Ind. App. 163, 166 N. E. 9.

Appellants, contending that the Industrial Board should not have deducted any sum necessary for the support of deceased, have cited a number of cases, which, however, are not in point and do not sustain such contention. The cases cited which bear on the question are cases wherein the dependency in question was as to a "minor" child. We call attention to the case of *Smith* v. *Leslie* (1926), 85 Ind. App. 186, 151 N. E. 17, where, although the deceased was a "minor" child, this court has indicated that a deduction is not improper where there has been emancipation of a child, and where no obligation to support appears. We quote therefrom, in part: "Emancipation may be either complete or partial. . . . There is evidence from which the Industrial Board might have found that the emancipation of Kahel Leslie was but partial; that there had been no emancipation from parental custody and control; . . . If such was the finding, there was, of course, no legal liability on his part to pay for his board and lodging, the cost of which the Industrial Board was not required to deduct from his wages, in determining the question of dependency." We hold that it was proper for the Industrial Board to deduct the amount, in the instant case, necessary for the board and lodging of John Sipe. We cannot say that the Industrial Board has not made its award within the meaning of §57 of

the Workmen's Compensation Law, which provides that, to persons partially dependent, the weekly compensation shall be in the same proportion to the weekly compensation of persons wholly dependent "as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury." As hereinbefore noted, this was a question of fact for the board to determine.

Appellants further contend that the board erred in holding that Charles R. Barker was not a dependent, for the reason that the board, in making such holding, went beyond a stipulation, entered into by and between the parties, which stipulation, appellants contend, settled the matter of dependency. In this contention we must concur. The stipulation, as entered into, was within the authority of counsel, and, not having been set aside or withdrawn, was conclusive on the parties and the Industrial Board. The board's finding that Charles R. Barker was not a dependent is not sustained by sufficient evidence, therefore, the award is contrary to law. *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 39, 165 N. E. 760; *Montgomery-Ward & Co.* v. *Industrial Commission* (1922), 304 Ill. 576, 136 N. E. 796.

Appellants contended in oral argument that the evidence elicited to prove the value of the board and lodging received by decedent at appellants' home was not sufficient upon which to base the award in the instant case. We cannot discuss the question thus suggested because the same is not presented and discussed under appellants' Points and Authorities as required by the rules of this court. Inasmuch as the award must be reversed and a new hearing ordered, proof of the value of board and lodging can be made under the rules of evidence as applied in civil cases

where the same question is involved. See *Bowen* v. *Bowen* (1881), 74 Ind. 470; *Grave, Admr.,* v. *Pemberton* (1891), 3 Ind. App. 71, 29 N. E. 177; *Boyd, Admr.,* v. *Starbuck* (1897), 18 Ind. App. 310, 47 N. E. 1049.

The award is reversed, with directions to the Industrial Board to vacate the award and to grant a rehearing.