GUARANTEE TIRE & RUBBER COMPANY *v.* COX ET AL.

[No. 14,760.   Filed January 4, 1933.   Rehearing denied
April 6, 1933.]

*Ralph B. Gregg,* for appellant.

*William H. Faust* and *Louis A. Weiland,* for appellees.

WOOD, J.—On November 13, 1931, while in the employ
of appellant, William E. Cox, son of the appellees, sus-
tained injuries resulting in his death.   The appellees filed
an application for adjustment of compensation with the
Industrial Board upon the theory that they were par-
tially dependent upon their son for support and mainte-
nance.   Upon a hearing before the full Industrial Board
a finding was made to the effect that the decedent con-
tributed the sum of $9 per week to the support of his

parents previous to his death; that $5 per week was a reasonable amount for room and board furnished their son by the appellees, leaving $4 to be applied on their support and maintenance; that they were partially dependent upon him for such support and maintenance. An award was made granting compensation for three hundred weeks at the rate of $2.20 per week, payment of medical, hospital and nurse's services, and the sum of $100 on the funeral expenses of decedent. From this award appellant appeals, assigning as error that the award of the full Industrial Board is contrary to law.

Whether the evidence is sufficient to sustain the finding of facts upon which the award is based, is the only question requiring our consideration. We recognize the well established rule that the finding of facts and the award of the Industrial Board based thereon are binding upon this court and will not be disturbed when supported by any competent evidence, but it must be supported by some competent evidence. The award cannot be upheld where it is dependent upon facts arrived at by mere guess, surmise, conjecture or possibilities. *Pioneer, etc., Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398.

It is manifest, when subjected to this test, that the evidence in this case is not sufficient to sustain the finding of facts. Every fact is agreed to except the amount, if any, shown by the evidence to have been contributed by the decedent to the support of his parents.

Appellees, at the time of their son's death, were the joint owners of a house and lot. Besides the son who was over twenty-one years of age, they had three unmarried daughters and an unmarried nephew all over the age of twenty-one years rooming and boarding in the house. One of the daughters was in ill health and did not contribute anything toward the support and maintenance of the house. One daughter and

the nephew were unemployed and contributed nothing toward the upkeep and maintenance of the house. One daughter was employed; she used a portion of her wages to make monthly payments on the house, to pay taxes and insurance. The remainder of her wages she used to defray her personal expenses. The appellee, William A. Cox, was earning $18 per week; of this amount he turned over $12 per week to his co-appellee. The decedent was earning $12 per week; of this amount he turned over $9 per week to his mother, appellee Louella Cox. She testified that the money that she received from her husband and son was paid by her for the support of herself, her husband, son (decedent), three daughters and nephew, it was paid out for groceries and the upkeep of the home for all the above named people. There is no evidence in the record from which the Industrial Board could find that the appellees appropriated any specific portion of the deceased son's wages to their exclusive use and benefit. On the other hand all the evidence is to the effect that the money received from the son went into a common fund which was expended by the mother for the general upkeep of the home and the support and maintenance of every one living in it, all being over twenty-one years of age. There was no presumption of dependency, the burden was upon the appellees to prove actual dependency by some competent evidence. This they have failed to do. Acts 1929, ch. 172, p. 537, §38 (e) ; Burns Supp. 1929, §9483; *Barker* v. *Reynolds* (1932), 94 Ind. App. 29, 179 N. E. 396.

The award is reversed, with instructions to the Industrial Board to vacate the award and to grant a rehearing.