PARKE COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION *v.* GOODIN ET AL.

[No. 16,997. Filed October 20, 1942.]

*H. S. Cofield,* and *E. A. Heffner,* both of Indianapolis, for appellant.

*Harvey L. Fisher,* of Brazil, and *Hunter J. Von Leer,* of Terre Haute, for appellees.

STEVENSON, P. J.—The appellees filed their claim with the Industrial Board of Indiana for compensation growing out of the death of their minor son, Ernest Goodin, Jr., who was employed by the appellant at the time of his accidental injury and death. The Industrial Board

awarded compensation to the appellees for a period of three hundred weeks at the rate of $8.80 per week. It is from this award that this appeal has been perfected.

The error assigned on appeal is that the award of the Industrial Board is contrary to law. Under this assignment, the sole question presented for our consideration is the sufficiency of the evidence to establish the fact of partial dependency of the appellees. At the hearing before the Industrial Board all of the facts necessary to sustain the award of the board were stipulated except the question of dependency.

The appellant has paid the statutory burial expenses of the deceased employee in the amount of $150.00. The appellant contends, however, that the appellees as parents of the deceased employee have failed to offer any evidence sufficient to prove actual dependency. On this issue, the facts most favorable to the appellees disclose that the said Ernest Goodin, Jr. was at the time of his death living at home with the appellees, and was eighteen years of age. The appellees were farmers, and the appellee Ernest E. Goodin, father of the deceased employee, was for several years prior to the death of his son in failing health and unable to do the heavy work incident to his farming operations. The minor son graduated from high school in June, 1940, and following that time worked for various employers during the remainder of the year 1940, earning various amounts of money, all of which he gave to his parents who used the same in the payment of household expenses. Employment with the appellant was sought for the boy by the appellee Ernest E. Goodin, and the appellant's representative was informed that the boy needed employment because the appellees needed the money. As a result of this solicitation, the appellant employed the boy, and his pay checks were delivered

to his mother, the appellee Bessie Goodin, who used the same for the purchase of necessaries in the home. There is further evidence that during the entire time the minor son remained at home he assisted his parents in the operation of the farm, and since his death, it has been necessary to employ additional farm labor in order to carry on the farming operations.

The facts in this case disclose that the appellees' deceased son had for some years prior to his death worked for the appellees on the farm, had driven the tractor, had assisted with the heavy work because of his father's illness, had participated in the operation of rented farm land, and, because of his assistance, the appellees were able to carry on farming operations on a larger scale than they are now able to do since the death of said son. The son had not been emancipated, and the father testified that the services of the deceased son were depended upon by the appellees in the operation of said farming program. This evidence is in nowise contradicted by evidence offered by the appellant. The appellant contends, however, that these facts are not sufficient from which the board might find actual dependency upon which to base the award. Since the appellees are not within a class where dependency is presumed they had the burden of establishing a legal dependency upon the son in order to entitle them to compensation.

It was the duty of the board in this case to determine the question of dependency in accordance with the facts as shown by the evidence. As this court has said: "There is no definite standard of dependency given to us by our compensation law." *In re Stewart* (1920), 72 Ind. App. 463, 467, 126 N. E. 42. It has been held, however, that the word "dependent" as used in the Indiana compensation act should be given

a meaning broad enough to include the reasonable needs of a parent in the proper support of himself and his dependent family. *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848.

In keeping with this interpretation of the word "dependent," this court has frequently held that:

"To confine the inquiry to the question whether the family of the deceased workman could have supported life without any contributions from him, or whether such contributions were absolutely necessary in order that the family might be reasonably maintained, is not a fair test of dependency; but rather the inquiry should include the question whether contributions from the workman were looked to, depended and relied on, in whole or in part, by the family for means of reasonable support." *In re Carroll* (1917), 65 Ind. App. 146, 154, 116 N. E. 844; *Rhoden* v. *Smith, etc., Elec. Co.* (1939), 107 Ind. App. 152, 23 N. E. (2d) 306.

The facts of this case together with the inferences properly drawn therefrom are very similar to the facts involved in the case of *Ritchie* v. *Indiana State Highway Commission* (1935), 101 Ind. App. 32, 37, 198 N. E. 125. This court there said:

"The father of the deceased was entitled to his services and his earnings until he reached the age of twenty-one years, or was, prior to that time, emancipated. The uncontradicted evidence clearly shows that the deceased employee had not been emancipated, and proves conclusively that partial dependency existed at the time of the accidental injury resulting in the death of the said employee."

It is true, as the appellant contends, that the appellees in this case have continued to support themselves since the death of their son by operating the farm. This fact alone, however, does not warrant this court in saying that because the appel-

lees have continued to gather their support from farming operations that they were not actually dependent upon their minor son at least in part as a matter of law.

Many farm boys who have not been emancipated are now rendering needed and valuable assistance to their parents by their labor in the fields, in the operation of dairies, in stock feeding and in truck gardening programs. With the well recognized shortage of farm labor, farmers are compelled more and more to rely and depend upon the aid and assistance afforded them by the members of their own family to enable them to make their living from the tilling of the soil. The Industrial Board had before it in the case at bar one of these typical farming operations where the minor son is depended upon for his services. We cannot say as a matter of law that under such circumstances the Industrial Board was unwarranted in finding that the appellees were actually dependent in part on the services of their deceased son.

The board accordingly committed no reversible error in the award of compensation to the appellees. Finding no reversible error, the award of the Industrial Board is affirmed with the usual statutory penalty of 5 per cent.

Award affirmed.

NOTE.—Reported in 44 N. E. (2d) 198.