BLUE RIBBON PIE KITCHENS, INC. *v.* LONG ET AL.

[No. 28,872.   Filed January 22, 1952.]

*Henry L. Humrichouser,* of South Bend, for appellant.

*John W. Montgomery,* of South Bend, for appellees.

GILKISON, C.J.—Appellees' eighteen year old son was killed in an industrial accident while working for appellant on January 16, 1949. His average weekly wage at the time was $55.00.

Appellees filed an application with the Industrial Board of Indiana alleging they were dependents of their deceased son. The hearing member found for the applicants, and appellant appealed to the Full Industrial Board, which, after a full hearing, found for the applicants: That at the time of his death the son was eighteen years of age and unemancipated. That he retained from his earnings monies he used for incidentals, and then turned over to applicants the balance of his earnings which was in excess of $36.50 per week. That applicants were partially dependent on these contributions for the support of the family. That appel-

lant had not paid the statutory burial expenses for decedent, in the sum of $300.00. That upon a good faith effort, made prior to filing the claim, the parties were unable to adjust the claim.

The award was for the applicants in equal shares at the rate of $20.075 per week for a period of 300 weeks or until terminated in accordance with the provisions of the Indiana Workmen's Compensation Law. That appellant pay the statutory burial expenses not to exceed $300.00, the costs, and provided for the payment of applicants' attorneys from the award money mentioned. From this award the appeal is taken.

The error assigned is that the award is contrary to the law.

Since only the question of the sufficiency of the evidence to sustain the averment of the dependency of appellees is presented, we shall give consideration to that question alone.

In this case, the Industrial Board is the sole fact-finding body provided by law, to determine the question of dependency. Sections 40-1509 to 40-1512, Burns' 1940 Replacement. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 118, 119, 26 N. E. 2d 399; *Hoosier Veneer Co.* v. *Stewart* (1921), 76 Ind. App. 1, 2, 129 N. E. 246; *Buhner* v. *Bowman* (1924), 81 Ind. App. 395, 397, 143 N. E. 366; *Barker* v. *Reynolds* (1932), 94 Ind. App. 29, 31, 179 N. E. 396; *Peavler* v. *Francisco Mining Co.* (1925), 82 Ind. App. 525, 146 N. E. 911; *Parke Co. R. Elect. Memb. Corp.* v. *Goodin* (1942), 112 Ind. App. 216, 44 N. E. 2d 198.

Therefore, on appeal this court cannot weigh the evidence heard by the Industrial Board and determine for whom it preponderates. *Vonnegut Hardware Co.* v. *Rose* (1918), 68 Ind. App. 385, 120 N. E. 608; *Warren* v. *Indiana Telephone Co., supra.*

Our jurisdiction in the matter on appeal is to examine the evidence solely to ascertain whether or not it shows that the finding of the Industrial Board does not rest upon a substantial factual foundation. This would be shown only if it should appear that the evidence upon which the Industrial Board acted was devoid of probative value; that the quantum of legitimate evidence was so proportionately meagre as to show that the finding does not rest upon a rational basis; or that the result must have been substantially influenced by improper considerations. *Warren* v. *Indiana Telephone Co., supra*, pages 118, 119.

On the matter of the dependency of appellees the evidence most favorable to appellees disclosed that the deceased son graduated from high school in the spring of 1948 and then went to work for appellant. He had a paper route while he was in high school. From his earnings he regularly gave his mother $10.00 each week. He kept some money for his own use and deposited the remainder in a bank in a joint account in the names of himself and his father. The family understood that the purpose of the bank account was to save money to be used in paying the expenses of the son's further education, and if an emergency arose to use it for the family budget or whatever became necessary. It was the intention of appellees, and the desire of the son that he should attend a watchmakers school connected with Bradley University, as soon as he had enough money to go with the help of his parents, the appellees. The son bought various things about the house enumerated in the evidence and did much work around the house likewise enumerated. He bought a 1934 Ford automobile which he put in his father's name. At the time of his death there was $800.00 or $850.00 in the joint account.

Appellees were paying $15.00 a month plus taxes and insurance on a contract for the purchase of their home and $38.50 a month for the re-siding of the house and for a stoker, at the time of the son's death. At that time appellee—father—was earning about $65.00 a week as an automobile mechanic. At least $700.00 of the joint bank account was expended in paying the funeral expenses of the son.

There is no reason for assuming that this evidence is devoid of probative value, nor that the quantum thereof is so proportionately meagre as to show that the finding does not rest upon a rational basis. Neither of these negative propositions are shown by this evidence. On the contrary this evidence was proper for the fact-finding body to consider in determining the matter of the dependency of the parents. There is nothing in the evidence in any way indicating that the finding of the Board was substantially influenced by improper considerations.

It might be contended that appellees could live and by the exercise of a severe economy might even pay their outstanding obligations on the weekly wage of the appellee-father, if he remained well and continued to receive the same wage as shown by the evidence. Of course, there can be no assurance that this situation will continue for any definite time in the future. But the evidence affirmatively discloses that without the regular contributions from their son, appellees' standard of living must be substantially reduced.

Dependency, as used in the Workmen's Compensation Act is not restricted to the payment of a sum sufficient to provide dependents with the bare necessities of life, but may include keeping the family and home in a condition and with surroundings suitable to their station in life. The act is grounded in

justice and should be liberally construed to accomplish the end for which it was enacted. *In Re Stewart* (1920), 72 Ind. App. 463, 467, 126 N. E. 42; *Parke Co. R. Elect. Memb. Corp.* v. *Goodin* (1942), 112 Ind. App. 216, 219, 44 N. E. 2d 198, *supra; In Re Carroll* (1917), 65 Ind. App. 146, 153, 116 N. E. 844.

The evidence noted and such reasonable inferences as logically flow therefrom provide a substantial basis for the finding of the Industrial Board and the award should be affirmed.

Finding no error in the record the award of the Industrial Board is affirmed.

NOTE.—Reported in 103 N. E. 2d 205.