INDIANA STATE HIGHWAY COMMISSION ET AL. *v.* McMULLEN ET AL.

[No. 18,663. Filed March 18, 1955. Rehearing denied April 12, 1955. Transfer denied June 20, 1955.]

*Edwin K. Steers,* Attorney General and *Paul H. Frazier,* Deputy Attorney General, for appellant.

*William C. Ewing,* of Indianapolis, for appellees.

ROYSE, P. J.—This is an appeal from an award of the Full Industrial Board granting appellees compensation for the death of their minor son as a result of accidental injuries arising out of and in the course of his employment by appellants.

Under proper assignment of error the sole question presented by this appeal is whether or not appellees were dependent on decedent.

Considering only the evidence and the reasonable inferences which may be drawn therefrom most favorable to appellees, the record herein discloses the following facts:

The mother, who was not in good health and consulted a doctor once a week, was employed and earned from $40.50 to $45.00 per week. The father had been in such poor health that for several years prior to the death of decedent he was unable to work regularly at a full-time job. He earned about $10.00 per week as janitor. His doctor and medicine bills cost about $6.00 per week. They have a daughter who, at the time of the hearing, was about thirty years of age and lived with them. She paid $35.00 of the $45.00 the family paid each month for rent of their home. In addition, the daughter bought groceries for the family and purchased other things necessary. She helped decedent while he was in school, buying him clothes and books. Because of the family's economic condition she could not go to high school and wanted decedent to finish high school. The evidence reasonably supports the inference appellees were dependent on the financial assistance of this daughter.

Decedent was graduated from high school May 29, 1953. The next day he went to work for appellants. On June 19, 1953 he received a check for $71.30 for two weeks pay. He brought this check home, showed it to his mother, and then cashed it. With the proceeds of this check he bought some work clothes and shoes for himself. He bought his father a shirt, a bird cage for the family, and some lunch food, and gave his mother $10.00. On June 24, 1953 decedent, while working for appellant, died as the result of injuries sustained in an accident on that date. Appellees received and cashed a check for the last two weeks decedent worked. It was further disclosed that in a discussion between decedent and his sister that decedent agreed as soon as he got a job after graduation he would take over and assume the responsibility she had assumed in providing for the family.

In the case of *Blue Ribbon Pie Kitchens* v. *Long et al.* (1951), 96 N. E. 2d 691, this court, on facts as hereinafter shown, reversed an award of the Industrial Board and mandated said Board to make a finding upon the issue presented as to the extent of the partial dependency in fact of appellees upon decedent, and to enter an award accordingly. Upon appellees' petition the Supreme Court granted a transfer and reversed our decision, *Blue Ribbon Pie Kitchens, Inc.* v. *Long et al.* (1952), 230 Ind. 257, 103 N. E. 2d 205. In that case, at pages 260, 261, the Supreme Court summarized the evidence favorable to appellees as follows:

". . . the deceased son graduated from high school in the spring of 1948 and then went to work for appellant. He had a paper route while he was in high school. From his earnings he regularly gave his mother $10.00 each week. He kept some money for his own use and deposited the remainder in a bank in a joint account in the names of himself and his father. The family understood that the

purpose of the bank account was to save money to be used in paying the expenses of the son's further education, and if an emergency arose to use it for the family budget or whatever became necessary. It was the intention of appellees, and the desire of the son that he should attend a watchmakers school connected with Bradley University, as soon as he had enough money to go with the help of his parents, the appellees. The son bought various things about the house enumerated in the evidence and did much work around the house likewise enumerated. He bought a 1934 Ford automobile which he put in his father's name. At the time of his death there was $800.00 or $850.00 in the joint account.

"Appellees were paying $15.00 a month plus taxes and insurance on a contract for the purchase of their home and $38.50 a month for the re-siding of the house and for a stoker, at the time of the son's death. At that time appellee—father—was earning about $65.00 a week as an automobile mechanic. At least $700.00 of the joint bank account was expended in paying the funeral expenses of the son."

In sustaining the award of the Industrial Board, the Supreme Court said:

"Dependency, as used in the Workmen's Compensation Act is not restricted to the payment of a sum sufficient to provide dependents with the bare necessities of life, but may include keeping the family and home in a condition and with surroundings suitable to their station in life. The act is grounded in justice and should be liberally construed to accomplish the end for which it was enacted. (Citing authorities.)

"The evidence noted and such reasonable inferences as logically flow therefrom provide a substantial basis for the finding of the Industrial Board and the award should be affirmed."

In our opinion, that case is a binding precedent of the Supreme Court which must control our decision in this case. In our opinion, the facts as set out herein support

more strongly the award of the Board than they did in that case. See also, *Ritchie et al.* v. *Indiana State Highway Commission et al.* (1935), 101 Ind. App. 32, 198 N. E. 125; *E. I. Du Pont De Nemours & Company, Inc.* v. *Dobrinich et al.* (1943), 113 Ind. App. 544, 49 N. E. 2d 395.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 166.