H. & G., INC. *v.* NICHOLS ET AL.

[No. 18,792. Filed May 24, 1956. Rehearing denied June 26, 1956. Transfer denied November 13, 1956.]

46

*Leigh L. Hunt,* of Fort Wayne, for appellant.

*Alexander M. Campbell,* and *Thomas W. Yoder,* both of Fort Wayne, for appellees.

CRUMPACKER, J.—On July 27, 1954, one Ivan Nichols, an unemancipated boy 18 years of age, was killed in an accident in the course of and arising out of his employment with the appellant. His parents, the appellees herein, claiming to have been partially dependent on him for support sought compensation for his death before the Industrial Board and were awarded $28.39 per week for 350 weeks. The appellant contends that such award is contrary to law because the evidence fails to make a case of partial dependency within the meaning of the Indiana Workmen's Compensation Act.

The evidence is essentially undisputed and discloses that Ivan quit school and went to work in 1953 and was steadily employed up to the time of his death. His father, the appellee Ira H. Nichols, had acquired a small

tract of land near Fort Wayne, Indiana, upon which there was located a garage and for some time prior to Ivan's death he had been engaged, in his spare time, in enlarging said garage and converting it into a residence where he and his family lived during such process. Ivan assisted in this work, drilling a trench for sewage purposes, a well pit and helped in cultivating a garden and making hay. These services were rendered by Ivan when he was not engaged in his regular employment. At the time of his death the family consisted of the parents, the appellees herein, Ivan, a twin brother Ira, Jr., and a sister Beverly, all of whom were living in the garage which was then undergoing expansion and conversion into a residence. All members of the family were employed. Ira, Sr., the father, earned $75.00 per week, the mother $25.00 per week, Ira Jr., $35.00 per week, Beverly $22.00 per week and Ivan $47.31 per week. Ivan was buying an automobile and a diamond ring, of the probable value of $5100.00, on time upon both of which he made weekly payments. He devoted the automobile, in considerable part, to family uses, usually driving his father and mother to work each morning. The parents, the two boys and the girl delivered their wages, less installment payments, to their mother each week, who also added her earnings, and the money so contributed became a "common family pool" out of which the family maintained itself. The gross receipts were kept in a suitable repository in the house and should any of the children, during the week, require money for pleasure or clothing it was furnished to him or her by the mother and if the amount so advanced was not wholly spent the balance would be returned to the mother and it would again become a part of the family pool. The father owned two horses which Ivan exhibited and rode at county fairs and horse shows in general and their cash prizes, which exceeded cost of maintenance and exhib-

tion, went into the common family fund. These horses were housed in a barn on the family grounds which the father and the two boys built with materials bought out of the family fund.

The appellant puts the question before us thus: "Did the contributions of Ivan to the family by way of physical services and money operate to make the appellee, his parents, partially dependent upon him or in other words would the parents in the absence of his contributions be unable to live in their ordinary manner and pursuit of life? Did their support and maintenance actually, and not fictionally, depend on that help?"

The appellant answers this question in the negative with an argument that runs thus: The appellees are jointly earning $100.00 per week. Their standard of living has not deteriorated by reason of Ivan's death as far as the evidence discloses. They have employed no one to do the work done by Ivan in the remodeling of the house and the other services performed by him. There is no evidence that they looked forward weekly to Ivan's contributions nor expected them. Nor is there any evidence that the appellees' combined income is insufficient to support the family in its usual standard of living without help from other sources. It is our opinion that this argument is based on dependency tests that have been repudiated by the great majority of decisions of this and the Supreme Court in Industrial Board cases. As early as 1917 this court said in *In re Carroll* (1917), 65 Ind. App. 146, 154, 116 N. E. 844:

> "To confine the inquiry to the question whether the family of the deceased workman could have supported life without any contribution from him, or whether such contributions were absolutely necessary in order that the family might be reasonably maintained, is not a fair test of dependency, but rather the inquiry should include the

question whether contributions from the workman were looked to, depended and relied on, in whole or in part, by the family for a means of reasonable support."

The dependency test as announced in the Carroll case was applied by the Supreme Court as late as 1952 in *Blue Ribbon Pie Kitchens* v. *Long* (1952), 230 Ind. 257, 261, 103 N. E. 2d 205, where the court said:

> "It might be contended that appellees could live and by the exercise of a severe economy might even ▪ pay their outstanding obligations on the weekly wage of the appellee-father, if he remained well and continued to receive the same wage as shown by the evidence. Of course, there can be no assurance that this situation will continue for any definite time in the future. But the evidence affirmatively discloses that without the regular contributions from their son, appellees' standard of living must be substantially reduced.
>
> "Dependency, as used in the Workmen's Compensation Act is not restricted to a payment of a sum sufficient to provide dependents with the bare necessities of life, but may include keeping the family and home in a condition and with surroundings suitable to their station in life. The act is grounded in justice and should be liberally construed to accomplish the end for which it was enacted."

The last case on the subject to which our attention has been called is *Indiana State Highway Commission* v. *McMullen* (1955), 125 Ind. App. 546, 125 N. E. 2d 166, wherein a minor son worked from May 25, 1953, the day after he graduated from high school, until June 24, 1953, when he was injured in an accident which resulted in his death. With the proceeds of his only pay check, which he cashed himself, he bought work clothes and shoes for himself, a shirt for his father, a bird cage for the family, lunch meat, and gave his mother $10.00 in cash. He promised while in school to assume the financial responsibility for the family after graduation

which his sister had previously borne. Regarding the Blue Ribbon case as a binding precedent we affirmed the award granting dependency compensation and on the facts in the present case, much stronger in proof of dependency than either of those just mentioned, we are compelled to do likewise.

We think the evidence in this case amply justified the conclusion of the Industrial Board that the appellees' way of life and pattern for living was shaped and determined on the basis of the joint contributions of the entire family and that the standard so maintained must inevitably suffer through the loss of Ivan's contributions in cash and services which the evidence shows were both regular and considerable. In our opinion such a showing establishes dependency within the meaning of the Indiana Workmen's Compensation Act.

Judgment affirmed.

Royse, C. J., concurs with opinion.

ROYSE, C. J.—CONCURRING OPINION.

I am in complete agreement with the reasoning of the majority in this case. However, for the reasons therein stated, I believe the maximum penalty of ten per cent (10%) should be assessed against appellant.

NOTE.—Reported in 134 N. E. 2d 703. Transfer denied, Landis, C. J., Bobbitt, J. dissents.